CASXP-20070813

leakes

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

07/07/2011
02:49 PM

# SUCV2011-01469
## Gomes et al v Midland Funding LLC

| | | | |
|---|---|---|---|
| **File Date** | 04/14/2011 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 07/07/2011 | **Session** | BLS2 - CtRm 1017, 3 Pemberton Sq,Boston |
| **Origin** | 1 - Complaint | **Case Type** | BH2 - Complex unfair trade practices |
| **Track** | B – Special Track (Business | **Lead Case** | |

**Jury Trial** Yes

### DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| **Served By** | | | | | | | | |
| **Filed By** | | | | | | | | |
| **Heard By** | | | | | | | | |

### PARTIES

**Plaintiff**
Catarina Gomes
Active 04/14/2011

**Private Counsel 549632**
Elizabeth A Ryan
Roddy Klein & Ryan
727 Atlantic Avenue, 2nd fl
Boston, MA 02111
Phone: 617-357-5500
Fax: 617-357-5030
Active 04/14/2011 Notify

**Private Counsel 424240**
John J Roddy
Roddy Klein & Ryan
727 Atlantic Ave, 2nd fl
Boston, MA 02111
Phone: 617-357-5500
Fax: 617-357-5030
Active 04/14/2011 Notify

**Private Counsel 672665**
Josef C Culik
Culik Law PC
100 Cummings Center, Ste 107K
Beverly, MA 01915
Phone: 978-910-0248
Fax: 978-910-0247
Active 04/14/2011 Notify

**Plaintiff**
Diane Hurlebaus
Active 04/14/2011

**Private Counsel 549632**
Elizabeth A Ryan
Roddy Klein & Ryan
727 Atlantic Avenue, 2nd fl
Boston, MA 02111
Phone: 617-357-5500
Fax: 617-357-5030
Active 06/10/2011 Notify

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

# SUCV2011-01469
## Gomes et al v Midland Funding LLC

**Private Counsel 424240**
John J Roddy
Roddy Klein & Ryan
727 Atlantic Ave, 2nd fl
Boston, MA 02111
Phone: 617-357-5500
Fax: 617-357-5030
Active 06/10/2011 Notify

**Private Counsel 672665**
Josef C Culik
Culik Law PC
100 Cummings Center, Ste 107K
Beverly, MA 01915
Phone: 978-910-0248
Fax: 978-910-0247
Active 06/10/2011 Notify

**Plaintiff**
Lori Liberti
Active 04/14/2011

**Private Counsel 549632**
Elizabeth A Ryan
Roddy Klein & Ryan
727 Atlantic Avenue, 2nd fl
Boston, MA 02111
Phone: 617-357-5500
Fax: 617-357-5030
Active 06/10/2011 Notify

**Private Counsel 424240**
John J Roddy
Roddy Klein & Ryan
727 Atlantic Ave, 2nd fl
Boston, MA 02111
Phone: 617-357-5500
Fax: 617-357-5030
Active 06/10/2011 Notify

**Private Counsel 672665**
Josef C Culik
Culik Law PC
100 Cummings Center, Ste 107K
Beverly, MA 01915
Phone: 978-910-0248
Fax: 978-910-0247
Active 06/10/2011 Notify

MASXP-20070813

leakes

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

07/07/2011
02:49 PM

## SUCV2011-01469
## Gomes et al v Midland Funding LLC

**Plaintiff**
Robert  Wallis
Active 04/14/2011

**Private Counsel 549632**
Elizabeth A Ryan
Roddy Klein & Ryan
727 Atlantic Avenue, 2nd fl
Boston, MA 02111
Phone: 617-357-5500
Fax: 617-357-5030
Active 06/10/2011 Notify

**Private Counsel 424240**
John J Roddy
Roddy Klein & Ryan
727 Atlantic Ave, 2nd fl
Boston, MA 02111
Phone: 617-357-5500
Fax: 617-357-5030
Active 06/10/2011 Notify

**Private Counsel 672665**
Josef C Culik
Culik Law PC
100 Cummings Center, Ste 107K
Beverly, MA 01915
Phone: 978-910-0248
Fax: 978-910-0247
Active 06/10/2011 Notify

**Defendant**
 Midland Funding LLC
Served: 05/16/2011
Served (answr pending) 05/26/2011

**Private Counsel 546321**
William T Bogaert
Wilson Elser Moskowitz Edelman & Dicker
LLP
260 Franklin Street
14th Floor
Boston, MA 02110
Phone: 617-422-5300
Fax: 617-423-6917
Active 07/07/2011 Notify

**Private Counsel 660723**
Kara Thorvaldsen
Wilson Elser Moskowitz Edelman & Dicker
LLP
260 Franklin Street
14th Floor
Boston, MA 02110-3112
Phone: 617-422-5300
Fax: 617-423-6917
Active 07/07/2011 Notify

### ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 04/14/2011 | 1.0 | Complaint & Jury Demand on all Issues |
| 04/14/2011 | | Origin 1, Type D13, Track A. |
| 04/14/2011 | 2.0 | Civil action cover sheet filed(n/a) |

MASXP-20070813
leakes

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2011-01469
## Gomes et al v Midland Funding LLC

| Date | Paper | Text |
|------|-------|------|
| 05/17/2011 | 3.0 | First Amended complaint & jury demand (all issues) |
| 05/26/2011 | 4.0 | SERVICE RETURNED: Midland Funding LLC(Defendant) (accepted by attorney on 5/16/11) |
| 06/02/2011 | 5.0 | Plaintifs' unopposed MOTION to transfer punative class action to the Business Litigation Session |
| 06/06/2011 | | Motion (P#5) ALLOWED (Nancy Holtz, Justice) Dated 6/6/11 Notices mailed 6/6/2011 |
| 06/10/2011 | 6.0 | NOTICE OF ACCEPTANCE INTO THE BUSINESS LITIGATION SESSION: On 06/6/2011, Judge Nancy Holtz allowed a Motion to Transfer this case to the Business Litigation Session. After review, this case has been accepted and will be assigned to the BLS2. Counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Pilot Project on Discovery (counsel are directed to http://www.mass.gov/courts/courts and judges/superiorcourt/index.html for description of the Project). Counsel may indicate their respective client's participation by completing, filing and serving the attached form. (Judith Fabricant, Justice) Dated 06/10/11 Copies mailed 6/10/2011 |
| 06/10/2011 | | Civil action cover sheet mailed re: BLS |
| 06/30/2011 | 7.0 | Civil action cover sheet returned re: BLS (n/a) |
| 06/30/2011 | | Track changed to B, Origin 1, Type BH2. |
| 06/30/2011 | | Certified Copy of Petition for Removal to Us Dist Court of defendant (US Dist# 11-cv-11053-NMG) |
| 07/07/2011 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

I HEREBY ATTEST AND CERTIFY ON

July 8, 2011 THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK COUNTY, SS                                    SUPERIOR COURT

CATARINA GOMES, DIANE
HURLEBAUS, LORI LIBERTI AND
ROBERT WALLIS, on behalf of
Themselves and other similarly situated,
          Plaintiffs
v.                                                   C.A. No. 11-1469-H
MIDLAND FUNDING, LLC,
          Defendant.

*U.S. Dist #*
*11-CV-11053-NMG*

**NOTICE OF FILING OF NOTICE OF REMOVAL**

Please take notice that on June 13, 2011, the above-captioned action was removed to the

United States District Court for the District of Massachusetts pursuant to Title 28, United States

Code, Sections 1441 and 1446.  A certified copy of the Notice of Removal is attached hereto in

accordance with Title 28, United States Code, Section 1446(d).

I HEREBY ATTEST AND CERTIFY ON
July 8, 2011 _____ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
    Asst. Clerk

Respectfully submitted,
Defendant,
MIDLAND FUNDING, LLC,
By its attorneys,

_____
William T. Bogaert, BBO#546321
Kara Thorvaldsen, BBO # 660723
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER  LLP
260 Franklin Street
Boston, MA 02110
(617) 422-5300

**CERTIFICATE OF SERVICE**

I, Kara Thorvaldsen, certify that on the 29th day of June, 2011, I served the foregoing
NOTICE OF FILING OF NOTICE OF REMOVAL upon counsel of record by mailing the same
first class mail, postage prepaid as follows:

469846.1

Elizabeth Ryan, Esq.
John Roddy, Esq.
Roddy Klein & Ryan
727 Atlantic Avenue, 2nd Floor
Boston, MA 02111

Kara Thorvaldsen



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CATARINA GOMES, DIANE HURLEBAUS, LORI LIBERTI AND ROBERT WALLIS, on behalf of themselves and others similarly situated, | Case No. | ...eby certify on *6/29/2011* that the foregoing document is true and correct copy of the ☐ electronic docket in the captioned case ☑ electronically filed original filed on *6/13/2011* ☐ original filed in my office on _____ |
|      Plaintiffs | | Sarah A. Thornton Clerk, U.S. District Court District of Massachusetts |
| v. | | By: _____ |
| MIDLAND FUNDING, LLC | | Deputy Clerk |
|      Defendant | | |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. § 1441 (a)

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:**

Defendant Midland Funding, LLC ("the defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and Rule 81.1 of the Local Rules for the United States District Court, District of Massachusetts, herewith files this Notice of Removal in the United States District Court for the District of Massachusetts from the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County, Business Litigation Section and states the following in support of this Notice of Removal:

1.    The plaintiffs, Catarina Gomes, Diane Hurlebaus, Lori Liberti, and Robert Wallis ("the plaintiffs") individually, and on behalf of a putative class of similarly situated individuals, commenced a civil action against the defendant on April 14, 2011 in the

Superior Court of the Commonwealth of Massachusetts in and for Suffolk County, Civil Action No. SUCV2011-01469-H.

2. The plaintiffs filed a First Amended Class Action Complaint on May 13, 2011.

3. The defendant, through counsel, accepted service of the First Amended Class Action Complaint on May 16, 2011. *See* Exhibit A.

4. This Notice of Removal is being filed within thirty (30) days of the defendant's receipt of Amended Class Action Complaint in accordance with Section 1446(b) of Title 28 of the United States Code. *See* 28 U.S.C. § 1446.

5. The documents attached hereto as Exhibit A constitute copies of all the process and pleadings served upon the defendant by the plaintiffs to date.

## I.    REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(d), 1453

6. This case is removed pursuant to the provisions of the Class Action Fairness Act of 2005, codified at 28 U.S.C. §§ 1332(d), 1453 ("CAFA").

7. As set forth below, this Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), because: (1) the putative class, as alleged in the First Amended Class Action Complaint, consists of at least 100 proposed class members; (2) the citizenship of at least one putative class member is different from that of the defendant; and (3) the aggregate amount placed in controversy by the claims of the plaintiffs and the proposed class members, measured by the various forms of relief sought,[1] including disgorgement, actual and statutory damages, and injunctive relief, as alleged in the First Amended Class

---

[1] The defendant contests both liability as well as the availability of the particular relief sought by the plaintiffs, but for purposes of removal, assumes that the claimed relief could be awarded.

431094.3

Action Complaint, exceeds the sum or value of $5,000,000, exclusive of interest and costs.

A. **The Minimal Diversity of Citizenship Requirement Is Satisfied.**

8. Each of the named plaintiffs are residents of Massachusetts. *See* FAC at ¶ 54. Accordingly, for purposes of establishing the diversity of the parties, the plaintiffs are Massachusetts citizens.

9. The defendant is a foreign limited liability company, organized under the laws of Delaware, with its principal place of business in San Diego, California. *See* FAC, at ¶ 8. For purposes of diversity under CAFA, a limited liability company is an unincorporated association, which is deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized. 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"); *Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006) ("Limited liability companies are unincorporated entities"); *Geismann v. Aestheticare, LLC*, No. 07-2575-KHV, 2008 WL 961272, at *5 (D. Kan., April 9, 2008) (noting that CAFA changes the rules governing unincorporated associations in that an LLC shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized). For purposes of diversity of citizenship under 28 U.S.C. §§ 1332(d) and 1453, Midland Funding, LLC is a citizen of a state other than the Commonwealth of Massachusetts.

431094.3

10.   Accordingly, the citizenship of at least one putative class member is different from the citizenship of the sole defendant for the purposes of satisfying 28 U.S.C. § 1332(d)(2)(A).

**B.   The Putative Class Consists Of More Than 100 Members.**

11.   The plaintiffs allege that "Midland files thousands of lawsuit against consumers in Massachusetts courts each year," obtains judgments and "files hundreds of supplemental process actions in state courts in an effort to enforce the judgment it obtains against Massachusetts consumers." *See* FAC at ¶¶ 11-13.

12.   The putative class is defined as "Massachusetts residents against whom Midland has filed a complaint against in any Massachusetts state court in the four year period prior to the filing of this Complaint in an attempt to collect a debt incurred for personal, family, or household purposes." FAC at ¶ 54.

13.   The putative class, as alleged by the plaintiffs, would consist of more than 100 individuals. *See* Declaration at ¶ 3, attached as Exhibit B.

**C.   The Amount In Controversy Requirement Under CAFA Is Satisfied.**

14.   Under CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). The plaintiffs' putative class claims meet the jurisdictional threshold set forth in § 1332(d)(6), in that the aggregate amount placed in controversy by the claims of the plaintiffs and the proposed class members, measured by the various forms of relief sought, including disgorgement, actual and statutory damages, and injunctive relief, as alleged in the First Amended Class Action Complaint, exceeds the sum or value of $5,000,000, exclusive of interest and costs.

431094.3

15.     As alleged in the First Amended Class Action Complaint, the plaintiffs seek the

following relief:

- a declaration that Midland violated Massachusetts law by being named as a

  plaintiff in collection lawsuits, *see* FAC ¶ 65;

- a declaration that "all judgments obtained by Midland in the four years prior to

  the filing of this complaint are void," *id.*;

- disgorgement of "any amounts obtained from Massachusetts consumers as a

  result of these actions," *id.*;

- "that all pending cases be dismissed," *id.*;

- an injunction prohibiting Midland from attempting to collect debts in

  Massachusetts without a license or bond or in violation of Massachusetts law, *id.*

  at ¶ 68;

- an order requiring "Midland to dismiss <u>with prejudice</u> any pending Massachusetts

  consumer collection actions, and notice the defendants in any such actions as to

  the dismissal," *id.* at "Relief Requested" (emphasis added);

- an award of statutory and/or actual damages pursuant to M.G.L. c. 93A, as well as

  multiple damages and attorneys fees," *id.*

16.     The amount is controversy, for the purpose of establishing removal jurisdiction is

measured not solely by the amount of a judgment which the plaintiff may recover but by

the judgment's pecuniary consequences to those involved in the litigation. *Richard C.*

*Young & Co., LTD. v. Leventhal, D.D.S., M.S.*, 389 F.3d 1, 3 (1st Cir. 2004); *Hunt v.*

*Wash. State Apple Advt'g Comm'n*, 432 U.S. 333, 347 (1977) (stating that "[i]n actions

seeking declaratory or injunctive relief, it is well established that the amount in

controversy [for purposes of diversity jurisdiction] is measured by the value of the object of the litigation").

17.   The amount in controversy in this case, as alleged by the plaintiffs and based on the forms of relief that they claim, including the possible disgorgement of any amounts obtained from Massachusetts residents as a result of Midland Funding, LLC causing collection lawsuits to be filed or prosecuted against them in the four years preceding the plaintiffs filing their Class Action Complaint in April 2011, along with actual and statutory damages, and the voiding of any judgments obtained by Midland Funding LLC during that time period, exceeds $5 million. *See* Declaration at ¶ 4, attached as Exhibit B.

18.   The plaintiffs also seek an order declaring all judgments obtained by Midland to be declared void. If the plaintiff were successful in obtaining this relief, Midland would lose the value of any such judgment, to be determined by the amount of the judgment.

19.   The plaintiffs also seek an order requiring Midland to dismiss all collection actions currently pending in the Commonwealth with prejudice, which would deprive it of the value of each of the debts on which it had brought suit.

20.   Furthermore, the plaintiffs seek to have the defendant enjoined from being named as a plaintiff in collection actions. As the defendant is a passive debt buyer, prohibiting it from being named as a plaintiff in lawsuits to collect the debt it owes will effectively deprive it of the value of its assets, insofar as they are debts owed by residents of Massachusetts.

**D.     Jurisdiction is Mandatory Under CAFA.**

21.    Because the defendant is not citizen of Massachusetts, the state in which this action was

originally filed, jurisdiction under CAFA is mandatory, not discretionary. *See* 28 U.S.C. §

1332(d)(3).

22.    CAFA's legislative history provides that any doubts regarding the maintenance of a class

action in state or federal court should be resolved in favor of federal jurisdiction. *See,*

*e.g.,* S. Rep. 109-14, reprinted in 2005 WL 627977, at *43 ("[o]verall, new section

1332(d) is intended to expand substantially federal court jurisdiction over class actions");

*accord McMorris v. TJX Companies, Inc.*, 493 F. Supp. 2d 158, 162 (D. Mass. 2007)

(denying motion to remand).

**E.     Procedural Compliance.**

23.    A notice of the filing of this Notice of Removal and a true copy of this Notice of

Removal will be filed with the Clerk of the Superior Court of the Commonwealth of

Massachusetts in and for Suffolk County, as required by Section 1446(d) of Title 28 of

the United States Code.

24.    Pursuant to Local Rule 81.1(a), the defendant shall, within twenty eight (28) days after

filing a notice of removal of the action from state court to this court, file certified or

attested copies of all records and proceedings in the state court and a certified or attested

copy of all docket entries in the state court. *See* LR 81.1(a).

## II.    CONCLUSION

WHEREFORE, defendant Midland Funding, LLC, prays that the action currently

pending in the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County

be removed to the United States District Court for the District of Massachusetts.

431094.3

Respectfully submitted,
Defendant,
MIDLAND FUNDING, LLC
By its attorneys,

William T. Bogaert, Esq., BBO # 546321
Kara Thorvaldsen, BBO # 660723
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
260 Franklin Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Kara Thorvaldsen, certify that on this 13th day of June, 2011, I served the foregoing document upon counsel of record by mailing the same first class mail, postage prepaid as follows:

Elizabeth Ryan, Esq.
John Roddy, Esq.
Roddy Klein & Ryan
727 Atlantic Avenue, 2d Floor
Boston, MA 02111

Kara Thorvaldsen

431094.3

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                                    SUPERIOR COURT

                                                              **11-1469** H

CATARINA GOMES, DIANE
HURLEBAUS, LORI LIBERTI AND       Case No.
ROBERT WALLIS, on behalf of
themselves and others similarly situated,       CLASS ACTION COMPLAINT

         Plaintiffs,                             JURY TRIAL DEMANDED

v.

MIDLAND FUNDING, LLC

         Defendant.

### Introduction

1.    This action seeks class-wide relief for Midland Funding, LLC's unfair and

deceptive debt collection practices in Massachusetts. Midland is a high volume purchaser

of defaulted consumer debt, buying consumer debts typically for pennies on the dollar.

As such, it is by definition a "debt collector" under Massachusetts and federal law, and is

required to obtain a license to collect debts in Massachusetts. Midland has no such

license.

2.    In direct violation of state law, Midland seeks to collect its purchased

debts from Massachusetts consumers by unlawfully using the state courts, including this

court, filing thousands of lawsuits against consumers in small claims and district courts

across the Commonwealth. Midland files complaints that lack the most basic information

about the alleged debts they seek to collect. In most cases Midland obtains judgments by

default and then aggressively pursues execution on these judgments. Midland's practices

violate both federal and state law, constitute unfair and deceptive practices, and are criminal offenses under Massachusetts law.

3.    Plaintiffs and the putative class seek monetary, injunctive and declaratory relief to remedy the challenged practices.

### Parties

4.    Plaintiff Catarina Gomes is an individual who resides in Dorchester, Massachusetts.

5.    Plaintiff Diane Hurlebaus is an individual who resides in Dorchester, Massachusetts.

6.    Plaintiff Robert Wallis is an individual who resides in Rowley, Massachusetts.

7.    Plaintiff Lori Liberti is an individual who resides in Winthrop, Massachusetts.

8.    Defendant, Midland Funding, LLC, is a foreign limited liability company, organized under the laws of Delaware, with its principal place of business at Suite 200, 8875 Aero Drive, San Diego, California 92123.

### Jurisdiction And Venue

9.    This Court has jurisdiction over this action and Midland pursuant to M.G.L. c. 214, § 1, 5, c. 212 § 3, c. 231A, §1. Venue is proper in this county because two of the Plaintiffs reside in this county, and the Defendant sued the Plaintiffs in this county.

**Facts Relating To Midland's Unlicensed Debt Collection Practices**

10.     Midland's principal business is the purchase of defaulted consumer debt, for pennies on the dollar, for the purpose of collecting the debts. Midland regularly collects or attempts to collect such debt.

11.     Midland files thousands of lawsuits against consumers in Massachusetts courts each year, seeking to collect the debts it purchases. Midland is the plaintiff in all of these actions.

12.     Midland obtains judgments, primarily by default and seeks to execute such judgments through Massachusetts courts, via wage garnishments, attachments and other methods.

13.     Midland files hundreds of supplemental process actions in state courts in an effort to enforce the judgments it obtains against Massachusetts consumers. Midland is the plaintiff in these actions.

14.     Midland is not licensed as a debt collector in Massachusetts, nor has it posted a bond pursuant to M.G.L. c. 93, § 24A.

**Applicable Law**

_**Massachusetts Regulation of Debt Collectors And Licensing Requirements**_
_**For Debt Buyers**_

15.     Midland is a debt collector as defined as by Massachusetts law, M.G.L. c. 93 § 24 because it regularly attempts to collect debts that are in default when Midland acquires them. Specifically, section 24 defines a debt collector as:

> any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of a debt, or who regularly collects or attempts to collect, **directly or indirectly**, a debt owed or due or asserted to be owed or due another. Debt collector shall not include:—

3

> (f) a person collecting or attempting to collect a debt owed or due or asserted to be owed or due another to the extent the activity:
>
> . . .
>
> **(iii) concerns a debt which was not in default at the time it was obtained by the person.**

M.G.L. c. 93 § 24 (emphasis added).

16.     The Banking Commissioner's regulations governing debt collection in Massachusetts contain the same definition of "debt collector." *See* 209 C.M.R. 18.02.

17.     As of June 16, 2006, the Banking Commissioner requires debt buyers who purchase defaulted consumer debts to obtain a license before collecting such debts in Massachusetts. *See Division of Banks Industry Letter Concerning the Massachusetts Debt Collection Statutes, and its Applicability to Debt Buyers, So Called,* issued June 16, 2006, attached as Exhibit A. The Banking Commissioner's finding that debt buyers are debt collectors is based on section (f)(iii) of the definition, the exemption from the term "debt collectors" for those who are collecting debts *not* in default at the time they were purchased. As the Commissioner notes, the "corollary to the quoted language [(f)(iii)] would mean that a person *would be* deemed a "debt collector" and licensing *would be* required if the person was collecting a debt which was *purchased while in default.*" *Id.* (emphasis added).  Thus, debt buyers purchasing debts in default are debt collectors required to be licensed.

18.     The Banking Commissioner's letter also cites federal court decisions under the Federal Debt Collection Practices Act (FDCPA) which reach the exact same conclusion: that a debt buyer that purchases defaulted consumer debt is a debt collector. *See id., citing Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987),

concluding that the defendant was a debt collector within the meaning of the FDCPA even though it was collecting debts for itself, because the debts it collects were in default when they were assigned to it; *In Little v. World Financial Network, Inc. Civil Action* No. N-89-346 (D. Conn. July 15, 1990).

19.    The Banking Commissioner's letter states that it will follow these federal precedents because the Massachusetts debt collection law, including the definition of a debt collector, "mirrors the FDCPA." *Id.*

20.    On October 13, 2006, the Banking Commissioner issued an opinion letter in response to several inquiries pertaining to the licensing of debt buyers as debt collectors. Division of Banks, Opinion 06-060, issued October 13, 2006, attached as Exhibit B. Specifically, the Commissioner was asked whether a debt buyer that engages "only in the practice of purchasing delinquent consumer debts for investment purposes without undertaking any activities to directly collect on the debt would be considered a debt collector under the Debt Collection Law." *Id.*  In its response, limited strictly to the facts presented by the inquiries, the Banking Commissioner concluded that such "passive debt buyers" were not subject to the licensing requirement, so long as they were "not directly engaged in the collection of these purchased debts." *Id.* The inquiries did not request an opinion as to the status of debt buyers that collect debts by filing thousands of lawsuits in state courts, nor does the Commissioner's letter address such activity.

21.    Debt buyers that engage in civil litigation as plaintiffs are "directly engaged in the collection of debts" and are therefore are not "passive" debt buyers. *See* Maryland Commissioner of Financial Regulation Advisory Notice 05-10, attached as

Exhibit C (civil litigation constitutes debt collection; debt buyers who engage in civil litigation are required to obtain license under analogous Maryland statutory provisions).

22.     Midland has failed to obtain a license from the Commissioner of Banks to collect debts, and has also failed to obtain a bond, both of which are required by M.G.L. c. 93, § 24A.

23.     The licensing statute provides important protections for Massachusetts consumers. Licensees are required to establish their financial responsibility, demonstrate and maintain a positive net worth, demonstrate that they will operate lawfully, honestly, and fairly, submit recordkeeping and business plans which include written operating procedures for the collection of Massachusetts debts. *See* M.G.L. c. 93 § 24B(a); 209 C.M.R. 1803(2). Licensees' records are subject to inspections by the Banking Commissioner as well as investigations to determine compliance with Massachusetts laws. M.G.L. c. 93 § 24D.

24.     Pursuant to M.G.L. c. 93 § 24A, the Banking Commissioner has issued regulations governing debt collectors in Massachusetts, Those regulations prohibit, *inter alia*, the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, including the threat to take any action that cannot legally be taken.  209 C.M.R. 18.16(5).

25.     In addition, M.G.L. c. 93 § 49 prohibits the collection or attempt to collect a debt by an assignee of a creditor in an unfair, deceptive or unreasonable manner.

26.     The failure to comply with the Banking Commissioner's regulations, the provisions of M.G.L. c. 93, § 49, or the license and bonding requirements of M.G.L. c.

93, §§ 24-28, constitute a *per se* violation of M.G.L. c. 93A, § 2, as well as a criminal

offense punishable by a fine of not more than five hundred dollars or by imprisonment

for not more than three months, or both. M.G.L. c. 93, § 28.

### Facts Relating To Plaintiff Catarina Gomes

27.     Midland, allegedly as assignee for a debt originally owed to HSBC Bank,

filed its action against Catarina Gomes in the Dorchester District Court on March 22,

2011, seeking the amount of $2,041.32, for a balance allegedly due on a credit card. The

complaint states that Midland is the current holder of the account, but does not state the

basis for this assertion. The complaint was served on Ms. Gomes on April 1, 2011. See,

Exhibit D, Gomes Complaint.

28.     The complaint failed to include a statement under oath as required by

M.G.L. c. 231 § 13B by a person with knowledge setting forth the manner in which the

amount of damages was calculated.

29.     Midland's was unlicensed as a debt collector at the time it filed its

complaint, and remains unlicensed.

### Facts Relating To Plaintiff Diane Hurlebaus

30.     Midland, as assignee for a debt alleged originally owed to HSBC Bank,

filed two identical small claims cases against Diane Hurlebaus, Midland Funding LLC v.

Diane Hurlebaus, No. 201007SC000377 and No. 201007SC000333, in the Dorchester

District Court on March 30, 2010, both seeking the amount of $1,056.75, and both based

on the same partial account number.  See, Exhibit E, Hurlebaus Complaint No.

201007SC000333.

31.    Ms. Hurlebaus had a flood in her home and as a result lost her original summons and missed her court date. A default judgment was entered against her in Case No. 201007SC000333. On June 23, 2010, Ms. Hurlebaus filed a motion to vacate the default, which was granted at a hearing on July 8, 2010. At the hearing Ms. Hurlebaus asked Midland's attorney for verification of the alleged debt. None was or has been provided. The second case, No. 201007SC000377, was dismissed.

32.    Midland's claim against Ms. Hurlebaus is now set for a trial before a Magistrate on April 14, 2011.

33.    On or about February 9, 2011, Ms. Hurlebaus received a letter from the Law Offices of Howard Lee Schiff, P.C. stating that it was now handling the alleged debt to Midland Funding that was previously handled by the Daniels Law Office (Midland's former attorney in the small claims cases), and demanding payment of $11,034.67, even though the case is currently set for trial, and even though the amount sought in the case is only $1,056.75, less than one tenth of the amount demanded by Midland in the pending Complaint.

34.    At the time Midland filed its complaint against Ms. Hurlebaus, and at all times since then, Midland has been unlicensed as a debt collector.

### Facts Relating To Plaintiff Robert Wallis

35.    On or after March 24, 2010, Robert Wallis was served with a complaint in Midland Funding, LLC, Assignee of Citibank/Platinum Select v. Robert Wallis, Case No. 1022CV129, filed in Newburyport District Court. See, Exhibit F, Wallis Complaint.

36.     The complaint alleged that Midland was the owner of a debt originally owed to Citibank in the amount of $8,505.67. *Id.* The complaint failed to include a statement under oath as required by M.G.L. c. 231 § 13B by a person with knowledge setting forth the manner in which the amount of damages was calculated. *Id.*

37.     On April 7, 2010 Mr. Wallis filed an answer denying that he owed the alleged debt.

38.     Shortly thereafter, on April 13, 2010, Midland served discovery on Mr. Wallis, including Requests for Admissions, asking him to admit that he owed the debt.

39.     Over the course of a nine month discovery period, despite numerous requests, Midland was unable to produce a valid assignment of the alleged debt. However, Midland did concede in discovery responses that the debt was charged off by Citibank on April 11, 2007, and was acquired by Midland on November 14, 2008, thus establishing that the debt was in default at the time it was acquired.

40.     On January 28, 2011, in response to Mr. Wallis' motion to dismiss for lack of standing, the case was dismissed without prejudice.

41.     At the time Midland filed its complaint against Mr. Wallis, and at all times since then, Midland has been unlicensed as a debt collector.

### Facts Relating To Plaintiff Lori Liberti

42.     On or after August 22, 2008, Lori Liberti was served with a complaint in Midland Funding, LLC, Assignee of Household Bank v. Lori Liberti, C.A. No 0805CV0629, filed in the East Boston District Court. See, Exhibit G, Liberti Complaint.

9

The complaint alleged that Ms. Liberti was indebted to Household bank in the amount of $2,910.10, for "charges on account."

43.     On November 5, 2008, Ms. Liberti filed an answer denying that she owed the debt, and explaining that she was a victim of identity theft.

44.     On January 9, 2009, Midland served discovery on Ms. Liberti, who was *pro se*, including document requests, interrogatories, and requests for admissions. The requests for admissions contained 20 requests, including a request to admit that "you have no defense to this action."

45.     On March 3, 2009, Midland stipulated to a dismissal of the action without prejudice.

46.     At the time Midland filed its complaint against Ms. Liberti, and at all times since then, Midland has been unlicensed as a debt collector.

### Class Allegations

47.     Since at least 2006, Midland has operated without a license or bond, but has nevertheless collected or attempted to collect debts from Massachusetts consumers by filing law suits and obtaining judgments in Massachusetts state courts, as well as enforcing those judgments through executions and through the issuances of capias arrest warrants, all in violation of M.G.L. c. 93 §§ 24-28.

48.     Midland is required to be licensed by M.G.L. c. 93 §§ 24A. Midland is not a "passive debt buyer" as defined by the Banking Commissioner.

49.     Any judgments obtained by Midland in violation of M.G.L. c. 93 §§ 24-28 constitute criminal offenses and are therefore null and void. M.G.L. c. 93 § 28.

50.     Midland is a debt collector subject to the FDCPA. 15 U.S.C. § 1692a(6).

51.     Midland has derived and continues to derive substantial revenue from flouting debt collection laws intended to protect Massachusetts consumers from the unfair, deceptive and abusive conduct described in this complaint.

52.     Massachusetts consumers have been injured and will continue to be injured by Midland's conduct until this situation is remedied.

**Class Definition**

53.     Plaintiffs bring this action on behalf of a class of all other persons similarly situated, pursuant to Mass. R. Civ. P. 23.

54.     The Class consists of Massachusetts residents against whom Midland has filed a complaint in any Massachusetts state court in the four year period prior to the filing of this Complaint in an attempt to collect a debt incurred for personal, family, or household purposes.

**Class Issues**

55.     There are questions of law and fact common to the class, which common issues predominate over any issues peculiar to individual class members. The principal common questions include:

    a.     whether Midland's attempts to collect debts in Massachusetts
           while unlicensed violate Massachusetts debt collection statutes and
           regulations;

11

    b.     the appropriate amount of damages and other relief to be granted to Plaintiffs and class members;

    c.     whether the judgments obtained by Midland in violation of Massachusetts law and the FDCPA are void;

    d.     whether Midland should be ordered to vacate all judgments entered in its favor in the four years prior to the filing of this Counterclaim, disgorge any amounts collected, and dismiss any pending actions.

56.    The only individual questions concern the identification of class members and the computation of relief to be afforded each class member and can be determined by a ministerial examination of the relevant files. Notice can be provided to the class by various means of communication.

57.    Plaintiffs' claims are typical of the claims of class members. All are based on the same legal and remedial theories.

58.    Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to claims stated herein. They are similarly situated with, and have suffered similar injuries as, the members of the class they seek to represent. Plaintiffs have retained counsel experienced in handling class action suits involving unfair business practices and consumer law. Neither the named Plaintiffs nor their counsel have any interest that might cause them not to vigorously pursue this action.

59.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, in that:

    a.     the losses suffered by the class members are such that prosecution of individual actions is impractical or economically unfeasible;

b.      by contrast, the illegal profits obtained by Midland as a result of its unlawful practices are substantial;

c.      the form of proof required is such that prosecution of individual actions is impractical or economically infeasible;

d.      in the absence of the class action device, plaintiffs and class members would be left without a remedy for the wrongful acts alleged, and Midland would be unjustly enriched;

e.      the prosecution of separate lawsuits by individual members of the class would create the risk of inconsistent adjudications with respect to individual class members, which would establish incompatible standards of conduct for Midland, making concentration of the litigation concerning this matter in this Court desirable;

f.      the claims of the representative Plaintiffs are typical of the claims of the class; and

g.      no unusual difficulties are likely to be encountered in the management of this action as a class action.

60.     The class is so numerous as to make it impracticable to join all members of the class as plaintiffs. Based upon the investigation of counsel, more than one hundred persons are in the class.

**Count One:  Declaratory Judgment**

61.     Midland's abusive debt collection practices have caused Plaintiffs and class members harm.

62.     There is an existing controversy between Plaintiffs and the class on the one hand, relating to their rights as a consumer-debtors, and the propriety of Midland's debt collection practices, on the other.

13

63. At all times relevant to this action, Midland was required to be licensed by the Division of Banks as a debt collector. At all times relevant to this action, Midland was not so licensed.

64. Every action filed by Midland in Massachusetts courts to collect a consumer debt was prohibited by law, a criminal act, a fraud on the courts of Massachusetts, and a fraud on each of the thousands of consumers sued by Midland in Massachusetts.

65. Plaintiffs ask this court to declare Midland's conduct to be in violation of federal and Massachusetts law, to declare that all judgments obtained by Midland in the four years prior to the filing of this complaint are void, to require Midland to disgorge any amounts obtained from Massachusetts consumers as a result of these actions, and that all pending cases be dismissed.

**Count Two: Preliminary And Permanent Injunction**

66. Midland's practices, including, without limitation, unlawfully attempting to collect debts without a license and in derogation of Massachusetts law, have injured Plaintiffs and class members.

67. Absent injunctive relief, Midland may continue to violate the law and injure other Massachusetts consumers whose debts it is attempting to collect.

68. Plaintiffs ask this court to enjoin Midland from attempting to collect debts in Massachusetts without a license or bond, and from attempting to collect debts in Massachusetts in violation of federal or Massachusetts law.

## Relief Requested

**WHEREFORE**, Plaintiffs respectfully request that this honorable Court:

  a.  declare that the abusive collection practices set forth above violate the law;

  b.  enjoin Midland from violating the law in collecting debts from Massachusetts consumers;

  c.  declare that all judgments obtained by Midland are void, require Midland to disgorge any amounts collected pursuant to actions filed in Massachusetts courts, and void any attachments, garnishments, liens, or other forms of execution issued pursuant to such judgments;

  d.  order Midland to dismiss with prejudice any pending Massachusetts consumer collection actions, and notice the defendants in any such actions as to the dismissal;

  e.  grant such other relief as this Court deems equitable and proper.

## Jury Demand

Plaintiffs demand a trial by jury.

I HEREBY ATTEST AND CERTIFY ON
July 8, 2011 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
       Asst. Clerk

Respectfully submitted,

_____
Elizabeth Ryan, BBO #549632
John Roddy, BBO #424240
Roddy Klein & Ryan
727 Atlantic Avenue, 2d Floor
Boston, MA 02111
Telephone: (617) 357-5500, ext. 17
Fax: (617) 357-5030

Josef Culik (BBO # 672665)
Culik Law P.C.
100 Cummings Center, Suite 425G
Beverly, MA 01915
Telephone 978-910-0248
josef@culiklaw.com

Date:  April 13, 2011

15

EX. A

The Official Website of the Office of Consumer Affairs & Business Regulation (OCABR)

Mass.Gov

# Consumer Affairs and Business Regulation

Home > Business > Banking Industry Services > Industry Letters >

### Industry Letter Concerning the Massachusetts Debt Collection Statutes, and its Applicability to Debt Buyers, So Called



By the Division of Banks

June 16, 2006

**RELATED LINKS**

Division of Banks

## TO ALL INTERESTED PARTIES CONCERNING THE MASSACHUSETTS DEBT COLLECTION STATUTES, GENERAL LAWS CHAPTER 93 SECTIONS 24 TO 28 INCLUSIVE AND ITS APPLICABILITY TO DEBT BUYERS, SO CALLED.

The Division of Banks ("Division") has issued this industry letter to clarify its position on whether a person collecting subsequently acquired or assigned debt is required to be licensed as a debt collector. Such a person is often referred to as a 'debt buyer'. The question is raised due to substantial revisions to General Laws chapter 93 sections 24 to 28, inclusive (the "Debt Collection Law"). After the statutory changes the Division completely rewrote the Debt Collection Law's implementing regulations, 209 CMR 18.00 et seq. (the "Regulations"). The amendments to the Debt Collection Law were based upon a Legislative recommendation filed by the Division.

The amended Debt Collection Law was modeled after the federal Fair Debt Collection Practices Act ("FDCPA"). The Federal Trade Commission is the federal agency charged with enforcement of the FDCPA. The definitions of "debt" and "debt collector" are in all significant respects the same in each of the respective cited laws and are key to the question presented. The Regulations provide no additional guidance as they track the statutory definitions. The Division also reviewed the treatment of this issue under the FDCPA to determine if any additional clarification could be obtained.

Specifically, the question at issue pertains to a person purchasing debt from another which is in default at the time of purchase or acquisition. Under the prior law, the Division's well established position reflected in enforcement as well as opinions was that licensing was not required for a person who collected its own debt whether or not such debt was in default at the time of purchase or acquisition. Accordingly, such a person did not need to obtain a debt collection license from the Division. However, the owner of debt collecting in its own name was required to comply with the appropriate regulations of the Commonwealth's Attorney General.

As noted above, certain definitions in statute are significant to the determination of the issue. Section 24 of the Debt Collection Law defines "debt" as:

"any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not the obligation has been reduced to judgment."

Additionally, section 24 of the Debt Collection Law provides, in pertinent part, that a "debt collector" means

"any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of a debt, or who regularly collects or attempts to collect, directly or indirectly, a debt owed or due or asserted to be owed or due another..."

A number of exemptions to the definition of "debt collector" exist. The exemption set out in clause (f) sub-clause (iii) provides that the term "debt collector" does not include a person collecting or attempting to collect a debt owed or due or asserted to be owed or due another to the extent the activity "concerns a debt which was not in default at the time it was obtained by the person." The corollary to the quoted language would mean that a person would be deemed a "debt collector" and licensing would be required if the person was collecting a debt which was purchased while in default.

Federal courts have concluded that a person purchasing a debt after default and whose principal activity was the collection of debt was a debt collector within the purview of the FDCPA. See, for example, Kimber v. Federal Financial Corp., 668 F. Supp. 1480 which concluded that the defendant corporation, even though it was collecting debts for itself, was a debt collector within the meaning of the FDCPA "because the corporation regularly collects debts and debt collection is its principal purpose, and because the debts the corporation collects were already in default when they were assigned to the corporation and thus the corporation falls within the assignee exception to the

definition of creditor." See also In Little v. World Financial Network, Inc. Civil Action No. N-89-346 (D. Conn. July 15, 1990).

Similarly, federal courts analyzing the FDCPA have also dismissed arguments that collections must be for "another" or that a debt buyer is included within the definition of a "creditor" and therefore as a "creditor" would not be covered by the FDCPA. As noted in the Kimber case discussed above, a creditor does not include a person who received an assignment or transfer of a debt in default. The Division for the reasons stated above will follow these federal case precedents.

In summary, the Commonwealth's Debt Collection Law models the FDCPA. Federal courts have ruled that a 'debt buyer' is subject to the FDCPA. The Federal Trade Commission has successfully taken action against 'debt buyers' through its enforcement authority under the FDCPA. Based upon the use of the same language in the Commonwealth's Debt Collection Law and the FDCPA, it is the position of the Division that the Division should follow the interpretations of the FDCPA decided by federal courts and implemented as well as enforced by the Federal Trade Commission. Accordingly, a 'debt buyer' who otherwise meets the definition of a "debt collector", would be subject to the Commonwealth's Debt Collection Law and would now be required to obtain a license from the Division in order to collect debt from a consumer in Massachusetts arising out of a transaction primarily involving personal, family or household purposes.

The Division's application for a debt collector license and all related documents can be found on the Division's website at www.mass.gov/dob/ under Industry Services.

Sincerely,

Joseph A. Leonard, Jr.
Deputy Commissioner of Banks
and General Counsel

© 2011 Commonwealth of Massachusetts

EX. B



## The Commonwealth of Massachusetts

*Office of the Commissioner of Banks*
*One South Station*
*Boston, Massachusetts 02110*



MITT ROMNEY
GOVERNOR

KERRY HEALEY
LIEUTENANT GOVERNOR

STEVEN L. ANTONAKES
COMMISSIONER OF BANKS

October 13, 2006

JANICE S. TATARKA
DIRECTOR
OFFICE OF CONSUMER AFFAIRS AND
BUSINESS REGULATION

The Division is issuing the following opinion pertaining to the licensing of debt buyers as debt collectors in the Commonwealth in response to several recent inquiries.

The Division licenses and examines entities engaged in the collection of debts in the Commonwealth. It is the Division's position that entities purchasing debt in default at the time of purchase, commonly referred to as "debt buyers", must be licensed as debt collectors. This position is set forth in an Industry Letter issued by the Division dated June 16, 2006. Accordingly, debt buyers, as referred to in the June 16, 2006 Industry Letter, are subject to the Commonwealth's debt collection laws, General Laws chapter 93, sections 24-28, inclusive and the Division's regulation, 209 CMR 18.00 *et seq* (collectively the "Debt Collection Law").

Following the issuance of the June 16, 2006 Industry Letter, the Division received several inquiries as to whether a debt buyer that engages only in the practice of purchasing delinquent consumer debts for investment purposes without undertaking any activities to directly collect on the debt would be considered a debt collector under the Debt Collection Law. This type of debt buyer is typically referred to as a "passive" investor or "passive" debt buyer. It is a common practice for the passive debt buyer to retain a licensed debt collector to directly engage in the collection of its purchased debts.

The Division seeks to ensure that collection activities involving Massachusetts consumers are conducted in accordance with the Debt Collection Law and remain subject to appropriate regulatory oversight. It is the position of the Division that a debt buyer who purchases debt in default but is not directly engaged in the collection of these purchased debts is not required to obtain a debt collector license provided that all collection activity performed on behalf of such debt buyer is done by a properly licensed debt collector in the Commonwealth or an attorney-at-law licensed to practice law in the Commonwealth. *See* Opinion O06059.

This opinion is effective as of October 2, 2006.

The conclusions reached in this letter are based solely on the facts presented. Fact patterns which vary from that presented may result in a different position statement by the Division.

Sincerely,

Joseph A. Leonard, Jr.
Deputy Commissioner of Banks
And General Counsel

O06060

*EX. C*



## COMMISSIONER OF FINANCIAL REGULATION
# ADVISORY NOTICE 05-10



### THE MARYLAND STATE COLLECTION AGENCY LICENSING BOARD
### ADVISORY

#### Purchasers of Consumer Claims in Default
#### May 5, 2010

This Advisory addresses the licensing requirements relating to persons who acquire consumer claims[1] which are in default at the time of acquisition ("Consumer Debt Purchasers") and collect debt through civil litigation.

### Background Information

It has come to the attention of the State Collection Agency Licensing Board ("Board") that certain Consumer Debt Purchasers allege confusion about whether they are required to be licensed as collection agencies when they collect consumer claims through civil litigation. In particular, certain Consumer Debt Purchasers claim that they relied on a June 20, 2007 letter issued by the Board's Administrator in concluding that it is not necessary to be licensed as a collection agency in order to collect in civil litigation a consumer claim purchased in default, provided the case is handled by an attorney duly licensed as a Maryland collection agency.

### Licensing Required

The Board wishes to clarify that it has been its consistent position that a Consumer Debt Purchaser that collects consumer claims through civil litigation is a "collection agency" under Maryland law and required to be licensed as such, regardless of whether an attorney representing the Consumer Debt Purchaser in the litigation is a licensed collection agency. Annotated Code of Maryland, Business Regulation Article ("BR") § 7-101(c).

### Compliance with Licensing Requirements

Notwithstanding the Board's foregoing position on the need for licensing, the Board acknowledges the claims of confusion on this issue resulting from the June 20, 2007 letter by some Consumer Debt Purchasers in deciding not to become licensed.

---

[1] A "consumer claim" means a claim that "(1) is for money owed or said to be owed by a resident of [Maryland]; and (2) arises from a transaction in which, for a family, household, or personal purpose, the resident sought or got credit, money, personal property, real property, or services." Annotated Code of Maryland, Business Regulation Article § 7-101(e).

The Board further acknowledges the desire of these Consumer Debt Purchasers to promptly obtain collection agency licenses so that they may be in compliance with the law. To facilitate the prompt licensing of these Consumer Debt Purchasers, the Board states the following policy:

1.      The Board will not deem it a bar to licensure where, prior to September 1, 2010, an unlicensed Consumer Debt Purchaser has engaged in civil litigation to collect a consumer claim purchased while in default, provided (i) the Consumer Debt Purchaser was represented in any action by an attorney who is duly licensed as a Maryland collection agency, and (ii) the Consumer Debt Purchaser applies for a license on or before August 31, 2010.

2.      The Board will not bring an action against a Consumer Debt Purchaser solely for failing to be licensed while engaging as a plaintiff in civil litigation, provided the Consumer Debt Purchaser applies for a license on or before August 31, 2010. For a Consumer Debt Purchaser that applies for a collection agency license on or before August 31, 2010, this policy will be in effect until such time as the Board makes a decision on the license application or it is withdrawn by the applicant.

3.      The Board reserves its right to bring an action against a Consumer Debt Purchaser for other violations of law committed in connection with collection activities, regardless of whether the person was licensed at the time of the violation.

PENALTIES: Consumer Debt Purchasers that fail to become licensed as set forth above may be subject to prosecution and sanctions under BR § 7-401.

EX. D

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK

DORCHESTER DISTRICT COURT

DOCKET NO:

2011 07 C V 0 240

MIDLAND FUNDING LLC ASSIGNEE FROM HSBC
PLAINTIFF(S)

V.

CATARINA D GOMES
DEFENDANT(S)

### COMPLAINT

1.     The Plaintiff, MIDLAND FUNDING LLC  ASSIGNEE FROM HSBC, is a duly organized corporation with its usual place of business at 6851 JERICHO TURNPIKE,  SYOSSET NY.

2.     The Defendant(s), CATARINA D GOMES is (are) an individual (s) presently residing at 20 LEEDSVILLE ST # 1 DORCHESTER MA 02122-2905.

3.     The Defendant (s) owe (s) the Plaintiff the sum of $2,041.32 for the balance due on a CREDIT CARD, referenced as Account Number of 5480420032850800. Plaintiff is the current holder of said account.

WHEREFORE, the Plaintiff demands judgment against the Defendant (s) in the sum of $2,041.32 plus interest from the date of filing and costs.

Plaintiff, by its attorney,

R. Mark Seitsinger, Esquire
BBO 545635
Kream and Kream
536 Broad Street, Suite 5
P.O. Box 890117
East Weymouth, MA 02189-0002
(781) 331-9333

DATE:        February 15, 2011

**STATEMENT OF SMALL CLAIM AND NOTICE OF TRIAL**

| For Court Use Only | DOCKET NO. EX. E |
| --- | --- |
| | 1007SC 0333 |

**Trial Court of Massachusetts**
**Small Claims Session**

PART 1

☐ BOSTON MUNICIPAL COURT          XX ☑ DISTRICT COURT — DORCHESTER _____ Division          ☐ HOUSING COURT _____ Division

PART 2

PLAINTIFF'S NAME, ADDRESS, ZIP CODE AND PHONE

MIDLAND FUNDING LLC

8875 AERO DRIVE

SAN DIEGO          CA   92123

PHONE NO.: 617-237-1300

PLAINTIFF'S ATTORNEY (if any)

Name: RICHARD S. DANIELS, JR.

Address: 1250 HANCOCK ST. 600N

QUINCY MA 02169-4339
BBO #113680

PHONE NO: 617-237-1300          5505-6469

PART 3

DEFENDANT'S NAME, ADDRESS, ZIP CODE AND PHONE

DIANE HUFLEAUS

115 MINOT ST FL 1

DORCHESTER          MA   02122

PHONE NO.: 617-288-5586

ADDITIONAL DEFENDANT (if any)

Name: _____

Address: ~~58696000003/30/100M CLAIM          70.00~~
~~58696000003/30/100UR          10.00~~

PHONE NO: _____

PART 4

**PLAINTIFF'S CLAIM.** The defendant owes $ 1056.75 plus $ 40.00 _____ court costs for the following reasons: Give the date of the event that is the basis of your claim.

THE PLAINTIFF MIDLAND FUNDING LLC IS THE ASSIGNEE OF

HSBC BANK NEVADA, N.A.

THE DEFENDANT OWES THE PLAINTIFF THE ABOVE AMOUNT AS THE BALANCE DUE

OF PURCHASES AND/OR ADVANCES ON A CREDIT CARD ACCOUNT

AS OF 01/25/2010, DATE DEMAND FOR PAYMENT WAS DULY MADE.

THE ACCOUNT NUMBER IS XXXXXXXXXXX0002.

THE LAST PAYMENT DATE WAS 11/17/2006 IN THE AMOUNT OF 140.00.

SIGNATURE OF PLAINTIFF  X _____          DATE 3/26/2010

PART 5

**MEDIATION:** Mediation of this claim may be available prior to trial if both parties agree to discuss the matter with a mediator, who will assist the parties in trying to resolve the dispute on mutually agreed to terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date.
☐ The plaintiff is willing to attempt to settle this claim through court mediation.

PART 6  XX

**MILITARY AFFIDAVIT:** The plaintiff states under the pains and penalties of perjury that the:

☐ above defendant(s) is (are) not serving in the military and at present live(s) or work(s) at the above address.

☐ above defendant(s) is (are) serving in the military

X _____
SIGNATURE OF PLAINTIFF          3/26/2010

NOTICE OF TRIAL

**NOTICE TO DEFENDANT:**
You are being sued in Small Claims Court by the above named plaintiff. You are directed to appear for trial of this claim on the date and time noted to the right.

If you wish to settle this claim before the trial date, you should contact the plaintiff or the plaintiff's attorney.

SEE ADDITIONAL INSTRUCTIONS ON THE BACK OF THIS FORM

NAME AND ADDRESS OF COURT
Small Claims Dept.
Clerk-Magistrate's Office
Dorchester District Court
510 Washington Street
Dorchester, MA 02124

DATE AND TIME OF TRIAL

5-13-2010 AT 11:00 A.M.
DATE          TIME

ROOM NO.

BOTH THE PLAINTIFF AND THE DEFENDANT MUST APPEAR AT THIS COURT ON THE DATE AND TIME SPECIFIED

COURT USE ONLY          COURT COPY

FIRST JUSTICE          CLERK-MAGISTRATE OR DESIGNEE
PB

**INSTRUCTIONS FOR FILING A SMALL CLAIM** — You must complete Parts 1-6 of this form. See instructions on reverse.
ATENCIÓN: ESTE ES UN AVISO OFICIAL DE LA CORTE. SI USTED NO SABE LEER INGLÉS, OBTENGA UNA TRADUCCIÓN.

FILED MAR 30 AM 9: 21 TRIAL COURT COMMONWEALTH DORCHESTER DIVISION

| STATEMENT OF SMALL CLAIM AND NOTICE OF TRIAL | For Court Use Only. | DOCKET NO. 1007SC0333 | Trial Court of Massachusetts Small Claims Session |
|---|---|---|---|

| PART 1 | ☐ BOSTON MUNICIPAL COURT | ☐ DISTRICT COURT XX DORCHESTER _____ Division | ☐ HOUSING COURT _____ Division |
|---|---|---|---|

**PART 2**

PLAINTIFF'S NAME, ADDRESS, ZIP CODE AND PHONE

MIDLAND FUNDING LLC

8875 AERO DRIVE

SAN DIEGO          CA   92123

PHONE NO: 617-237-1300

PLAINTIFF'S ATTORNEY (if any)

Name:  RICHARD S. DANIELS, JR.

Address:  1250 HANCOCK ST. 600N

QUINCY MA 02169-4389
BBO #113680

PHONE NO: 617-237-1300          5505-6469

**PART 3**

DEFENDANT'S NAME, ADDRESS, ZIP CODE AND PHONE

DIANE HURLEBAUS

115 MINOT ST FL 1

DORCHESTER          MA  02122

PHONE NO:   617-288-5586

ADDITIONAL DEFENDANT (if any)

Name: _____

Address:  58686900003/30/10SM CLAIM        70.00
58686900003/30/10SUR        10.00

PHONE NO:

**PART 4**

PLAINTIFF'S CLAIM. The defendant owes $ 1056.75 plus $40.00 court costs for the following reasons: Give the date of the event that is the basis of your claim.

THE PLAINTIFF MIDLAND FUNDING LLC IS THE ASSIGNEE OF

HSBC BANK NEVADA, N.A.

THE DEFENDANT OWES THE PLAINTIFF THE ABOVE AMOUNT AS THE BALANCE DUE

OF PURCHASES AND/OR ADVANCES ON A CREDIT CARD ACCOUNT

AS OF 01/25/2010. DATE DEMAND FOR PAYMENT WAS DULY MADE.

THE ACCOUNT NUMBER IS XXXXXXXXXXXX0002.

THE LAST PAYMENT DATE WAS 11/17/2006 IN THE AMOUNT OF 140.00.

SIGNATURE OF PLAINTIFF  X _____          DATE 3/26/2010

*TRIAL COURT COMMONWEALTH DORCHESTER DIVISION FILED MAR 30 AM 9:21*

**PART 5**

MEDIATION: Mediation of this claim may be available prior to trial if both parties agree to discuss the matter with a mediator, who will assist the parties in trying to resolve the dispute on mutually agreed to terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date.
☐ The plaintiff is willing to attempt to settle this claim through court mediation.

**PART 6**

MILITARY AFFIDAVIT: The plaintiff states under the pains and penalties of perjury that the:

XX ☐ above defendant(s) is (are) not serving in the military and at present live(s) or work(s) at the above address.

☐ above defendant(s) is (are) serving in the military

X _____          3/26/2010
SIGNATURE OF PLAINTIFF          DATE

**NOTICE TO DEFENDANT:**

You are being sued in Small Claims Court by the above named plaintiff. You are directed to appear for trial of this claim on the date and time noted to the right.

If you wish to settle this claim before the trial date, you should contact the plaintiff or the plaintiff's attorney.

SEE ADDITIONAL INSTRUCTIONS ON THE BACK OF THIS FORM

NAME AND ADDRESS OF COURT
Small Claims Dept.
Clerk-Magistrate's Office
Dorchester District Court
510 Washington Street
Dorchester, MA 02124

DATE AND TIME OF TRIAL

5-13-2010  AT  11:00A.M
DATE          TIME
ROOM NO

BOTH THE PLAINTIFF AND THE DEFENDANT MUST APPEAR AT THIS COURT ON THE DATE AND TIME SPECIFIED

COURT USE ONLY          A COURT COPY

FIRST JUSTICE | CLERK-MAGISTRATE OR DESIGNEE  PB

INSTRUCTIONS FOR FILING A SMALL CLAIM — You must complete Parts 1-6 of this form. See instructions on reverse.
ATENCION: ESTE ES UN AVISO OFICIAL DE LA CORTE. SI USTED NO SABE LEER INGLÉS, OBTENGA UNA TRADUCCIÓN.

EX. F

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH
DISTRICT COURT DEPARTMENT NEWBURYPORT DIVISION
DOCKET NO.

```
* * * * * * * * * * * * * * * * * * *
Midland Funding LLC                  *
Assignee of                          *
Citibank/Platinum Select             *
            Plaintiff                *
                                     *
            vs.                      *    COMPLAINT
                                     *
Robert Wallis                        *
            Defendant                *
* * * * * * * * * * * * * * * * * * *
```

1.  The plaintiff Midland Funding LLC is the owner of the debt originally issued by Citibank/Platinum Select, account number 5424180622103684, and has an usual place of business in San Diego, CA;

2.  The defendant Robert Wallis resides at 294 Wethersfield St, Rowley, MA;

3.  The defendant(s) owe(s) the plaintiff the sum of $8,505.67 as the balance of purchases and/or advances on a credit card account together with interest at the rate specified under G.L. c. 231, s. 6C from 2/02/2009, on or before which date demand for payment was duly made.

WHEREFORE, The plaintiff demands judgment against the defendant(s) in the amount of $8,505.67 together with costs and interest.

Respectfully submitted,
Midland Funding LLC
By its Attorney

Richard S. Daniels, Jr., BBO 113680
DANIELS LAW OFFICES, P.C.
1250 Hancock Street
Quincy, Massachusetts 02169-4339
Tel. (617) 237-1300
March 3, 2010

5505-2212

| Statement of Damages G.L. c. 218, s. 19A(a) | DATE FILED | DOCKET NUMBER | Trial Court of Massachusetts District Court Department |
|---|---|---|---|

| PLAINTIFF(S) Midland Funding LLC | DEFENDANT(S) Robert Wallis |
|---|---|

| INSTRUCTIONS: This form must be completed and filed with the complaint or other initial pleading in all district court civil actions seeking money damages. | District Court Department Newburyport Division |
|---|---|

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: | |
| 2. Total doctor expenses: | |
| 3. Total chiropractic expenses: | |
| 4. Total physical therapy expenses: | |
| 5. Total other expenses (Describe): | |
| SUBTOTAL: | |
| B. Documented lost wages and compensation to date: | |
| C. Documented property damages to date: | |
| D. Reasonable anticipated future medical and hospital expenses: | |
| E. Reasonably anticipated lost wages: | |
| F. Other documented items of damage (Describe): | |
| G. Brief description of Plaintiff's Injury, including nature and extent of injury (Describe): | |
| For this form disregard double/treble damage claims; indicate single damages only. | TOTAL: |

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): | |
| Balance due on a credit card agreement. | |
| For this form disregard double/treble damage claims; indicate single damages only. | TOTAL: 8,505.67 |

| Attorney for Plaintiff (or Pro Se Plaintiff):  3/03/2010  Richard S. Daniels, Jr.  BBO No. 113680 Daniels Law Offices, P.C. 1250 Hancock Street, Quincy, MA 02169  (617) 237-1300 | Defendant Name and Address: Robert Wallis 294 Wethersfield St Rowley, MA   01969 |
|---|---|

*EX. G.*

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK , ss.

                        COURT DEPARTMENT
                        EAST BOSTON DIVISION
                        CIVIL ACTION NO. *0805CV0629*

MIDLAND FUNDING, LLC
Plaintiff
  assignee of HOUSEHOLD BANK
vs.

                                    COMPLAINT

LORI A LIBERTI
Defendant

1  The Plaintiff,
   MIDLAND FUNDING, LLC
   is a limited liability company duly organized under the laws
   of the state of DELAWARE having a usual place of business
   at 8875 AERO DRIVE SUITE 200 SAN DIEGO
   CA 92123

2. The Defendant, LORI A LIBERTI
   is an individual of legal age presently residing at
   19 S AVE  WINTHROP
   SUFFOLK County, Massachusetts 02152

3. On or before DECEMBER 31,2004 the Defendant became indebted
   to HOUSEHOLD BANK in the sum of $2,910.91 for
   charges and/or cash advances incurred on Defendant's
   credit account according to the affidavit annexed
   hereto together with interest thereon.

4. Despite demand on or before 07/07/08 the balance of
   $2,910.91 remains wholly unpaid and the Defendant has
   failed and continues to fail to make payment.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK , ss.

EAST BOSTON DISTRICT COURT
DOC#

MIDLAND FUNDING, LLC
        Plaintiff

Vs.

LORI A LIBERTI
        Defendant

STATEMENT MADE PURSUANT TO M.G.L. CH. 231 SEC. 13B

The damages claimed in the attached Complaint are ascertainable by calculation. The damages may be calculated by reviewing the records of the Plaintiff.

Signed under the pains and penalties or perjury.

Date: August 22, 2008

Harry Theodoss (BBO# 630380)
Stephen Wiener (BBO# 656119)
Adam Olshan (BBO# 639576)
Gina Paro (BBO# 662556)

Law Offices Howard Lee Schiff, PC
340 Main Street, Suite 959
Worcester, MA. 01608
(508) 753-9991

CN R36748

THIS COMMUNICATION IS FROM A DEBT COLLECTOR

IQ

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY:   **SUFFOLK** | DOCKET NO.   11-1469 |
|---|---|---|

| PLAINTIFF(S) Catarina Gomes, et al. | DEFENDANT(S)   **Midland Funding, LLC** |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Elizabeth Ryan, RODDY KLEIN & RYAN<br>727 Atlantic Avenue, 2nd Floor<br>Boston, MA 02111   (617)357-5500 ext. 17 | ATTORNEY (IF KNOWN) |
|---|---|
| BBO#   549632 | |

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE
2011 APR 14  PM 3:02
SUFFOLK SUPERIOR CIVIL COURT

Origin code and track designation

Place an x in one box only:
| [ X ] 1. F01 Original Complaint | [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial)   (X) |
|---|---|
| [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial)   (F) | [ ] 5. F05 Reactivated after rescript;relief from judgment/<br>Order (Mass.R.Civ.P. 60)   (X) |
| [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X) | [ ] 6. E10 Summary Process Appeal   (X) |

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| **D13 Declaratory Judgment G L C 231A - Average Track** | | | Yes/No    Yes |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine
money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

| A. | Documented medical expenses to date: | | |
|---|---|---|---|
| | 1. Total hospital expenses | | $ |
| | 2. Total Doctor expenses | | $ |
| | 3. Total chiropractic expenses | | $ |
| | 4. Total physical therapy expenses | | $ |
| | 5. Total other expenses (describe) | Subtotal | $ |
| B. | Documented lost wages and compensation to date | | $ |
| C. | Documented property damages to date | | $ |
| D. | Reasonably anticipated future medical and hospital expenses | | $ |
| E. | Reasonably anticipated lost wages | | $ |
| F. | Other documented items of damages (describe) | | $ |
| G. | Brief description of plaintiff's injury, including nature and extent of injury (describe) | | |

(see attached)

Total $

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL   $...............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR
COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC
Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the
advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Date:   April 12, 2011
A.O.S.C. 3-2007

I HEREBY ATTEST AND CERTIFY ON
July 8, 2011, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk

**Civil Action Cover Sheet - Attachment**

**Catarina Gomes, et al. v. Midland Funding, LLC**

**Docket No.** _____

Monetary damages and equitable relief on Plaintiff Catarina Gomes' claims against Midland Funding on behalf of herself and a class of similarly situated individuals, including:

Disgorgement of all amounts collected in violation of Massachusetts Debt Collection laws, in an amount to be determined at trial.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                        SUPERIOR COURT

| | |
|---|---|
| CATARINA GOMES, DIANE HURLEBAUS, LORI LIBERTI AND ROBERT WALLIS, on behalf of themselves and others similarly situated, | Case No. SUCV2011-01469-H |
| Plaintiffs, | FIRST AMENDED CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| MIDLAND FUNDING, LLC | |
| Defendant. | |

**Introduction**

1.     This action seeks class-wide relief for Midland Funding, LLC's unfair and deceptive debt collection practices in Massachusetts. Midland is a high volume purchaser of defaulted consumer debt, buying defaulted consumer debts typically for pennies on the dollar. As such, it is by definition a "debt collector" under Massachusetts law, and is required to obtain a license to collect debts in Massachusetts. Midland has no such license.

2.     In direct violation of state law, Midland seeks to collect its purchased debts from Massachusetts consumers by unlawfully using the state courts, filing thousands of lawsuits against consumers in small claims and district courts across the Commonwealth. Midland files complaints that lack the most basic information about the alleged debts they seek to collect. In most cases Midland obtains judgments by default and then aggressively pursues execution on these judgments. Midland's practices violate

state law, constitute unfair and deceptive practices, and are criminal offenses under Massachusetts law.

3.     Plaintiffs and the putative class seek monetary, injunctive and declaratory relief to remedy the challenged practices.

### Parties

4.     Plaintiff Catarina Gomes is an individual who resides in Dorchester, Massachusetts.

5.     Plaintiff Diane Hurlebaus is an individual who resides in Dorchester, Massachusetts.

6.     Plaintiff Robert Wallis is an individual who resides in Rowley, Massachusetts.

7.     Plaintiff Lori Liberti is an individual who resides in Winthrop, Massachusetts.

8.     Defendant, Midland Funding, LLC, is a foreign limited liability company, organized under the laws of Delaware, with its principal place of business at Suite 200, 8875 Aero Drive, San Diego, California 92123.

### Jurisdiction And Venue

9.     This Court has jurisdiction over this action and Midland pursuant to M.G.L. c. 214, § 1, 5, c. 212 § 3, c. 231A, §1. Venue is proper in this county because three of the Plaintiffs reside in this county, and the Defendant sued three Plaintiffs in this county.

**Facts Relating To Midland's Unlicensed Debt Collection Practices**

10.     Midland's principal business is the purchase of defaulted consumer debt, for pennies on the dollar, for the purpose of collecting the debts. Midland regularly collects or attempts to collect such debt.

11.     Midland files thousands of lawsuits against consumers in Massachusetts courts each year, seeking to collect the debts it purchases. Midland is the plaintiff in all of these actions.

12.     Midland obtains judgments, primarily by default and seeks to execute such judgments through Massachusetts courts, via wage garnishments, attachments and other methods.

13.     Midland files hundreds of supplemental process actions in state courts in an effort to enforce the judgments it obtains against Massachusetts consumers. Midland is the plaintiff in these actions.

14.     Midland is not licensed as a debt collector in Massachusetts, nor has it posted a bond pursuant to M.G.L. c. 93, § 24A.

**Applicable Law**

*Massachusetts Regulation of Debt Collectors And Licensing Requirements*
*For Debt Buyers*

15.     Midland is a debt collector as defined by Massachusetts law, M.G.L. c. 93 § 24 because it regularly attempts to collect debts that are in default when Midland acquires them. Specifically, section 24 defines a debt collector as:

> any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of a debt, or who regularly collects or attempts to collect, **directly or indirectly**, a debt owed or due or asserted to be owed or due another. Debt collector shall not include:—

3

> (f) a person collecting or attempting to collect a debt owed or due or asserted to be owed or due another to the extent the activity:
>
> . . .
>
> > (iii) **concerns a debt which was not in default at the time it was obtained by the person.**

M.G.L. c. 93 § 24 (emphasis added).

16.     The Banking Commissioner's regulations governing debt collection in Massachusetts contain the same definition of "debt collector." *See* 209 C.M.R. 18.02.

17.     As of June 16, 2006, the Banking Commissioner requires debt buyers who purchase defaulted consumer debts to obtain a license before collecting such debts in Massachusetts. *See Division of Banks Industry Letter Concerning the Massachusetts Debt Collection Statutes, and its Applicability to Debt Buyers, So Called,* issued June 16, 2006, attached as Exhibit A. The Banking Commissioner's finding that debt buyers are debt collectors is based on section (f)(iii) of the definition, the exemption from the term "debt collectors" for those who are collecting debts *not* in default at the time they were purchased. As the Commissioner notes, the "the corollary to the quoted language [(f)(iii)] would mean that a person *would be* deemed a "debt collector" and licensing *would be* required if the person was collecting a debt which was *purchased while in default.*" *Id.* (emphasis added). Thus, debt buyers purchasing debts in default are debt collectors required to be licensed.

18.     The Banking Commissioner's letter also cites federal court decisions under the Federal Debt Collection Practices Act (FDCPA) which reach the exact same conclusion: that a debt buyer that purchases defaulted consumer debt is a debt collector. *See id., citing Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987),

concluding that the defendant was a debt collector within the meaning of the FDCPA
even though it was collecting debts for itself, because the debts it collects were in default
when they were assigned to it; *In Little v. World Financial Network, Inc. Civil Action* No.
N-89-346 (D. Conn. July 15, 1990).

19.     The Banking Commissioner's letter states that it will follow these federal
precedents because the Massachusetts debt collection law, including the definition of a
debt collector, "mirrors the FDCPA." *Id.*

20.     On October 13, 2006, the Banking Commissioner issued an opinion letter
in response to several inquiries pertaining to the licensing of debt buyers as debt
collectors. Division of Banks, Opinion 06-060, issued October 13, 2006, attached as
Exhibit B. Specifically, the Commissioner was asked whether a debt buyer that engages
"only in the practice of purchasing delinquent consumer debts for investment purposes
without undertaking any activities to directly collect on the debt would be considered a
debt collector under the Debt Collection Law." *Id.*  In its response, limited strictly to the
facts presented by the inquiries, the Banking Commissioner concluded that such "passive
debt buyers" were not subject to the licensing requirement, so long as they were "not
directly engaged in the collection of these purchased debts." *Id.* The inquiries did not
request an opinion as to the status of debt buyers that collect debts by filing thousands of
lawsuits in state courts, nor does the Commissioner's letter address such activity.

21.     Debt buyers that engage in civil litigation as plaintiffs are "directly
engaged in the collection of debts" and are therefore are not "passive" debt buyers. *See*
Maryland Commissioner of Financial Regulation Advisory Notice 05-10, attached as

Exhibit C (civil litigation constitutes debt collection; debt buyers who engage in civil litigation are required to obtain license under analogous Maryland statutory provisions).

22.     Midland has failed to obtain a license from the Commissioner of Banks to collect debts, and has also failed to obtain a bond, both of which are required by M.G.L. c. 93, § 24A.

23.     The licensing statute provides important protections for Massachusetts consumers. Licensees are required to establish their financial responsibility, demonstrate and maintain a positive net worth, demonstrate that they will operate lawfully, honestly, and fairly, submit recordkeeping and business plans which include written operating procedures for the collection of Massachusetts debts. *See* M.G.L. c. 93 § 24B(a); 209 C.M.R. 1803(2). Licensees' records are subject to inspections by the Banking Commissioner as well as investigations to determine compliance with Massachusetts laws. M.G.L. c. 93 § 24D.

24.     Pursuant to M.G.L. c. 93 § 24A, the Banking Commissioner has issued regulations governing debt collectors in Massachusetts. Those regulations prohibit, *inter alia*, the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, including the threat to take any action that cannot legally be taken. 209 C.M.R. 18.16(5).

25.     In addition, M.G.L. c. 93 § 49 prohibits the collection or attempted collection of a debt by an assignee of a creditor in an unfair, deceptive or unreasonable manner.

26.    The failure to comply with the Banking Commissioner's regulations, the provisions of M.G.L. c. 93, § 49, or the license and bonding requirements of M.G.L. c. 93, §§ 24-28, constitute a *per se* violation of M.G.L. c. 93A, § 2, as well as a criminal offense punishable by a fine of not more than five hundred dollars or by imprisonment for not more than three months, or both. M.G.L. c. 93, § 28.

### Facts Relating To Plaintiff Catarina Gomes

27.    Midland, allegedly as assignee for a debt originally owed to HSBC Bank, filed its action against Catarina Gomes in the Dorchester District Court on March 22, 2011, seeking the amount of $2,041.32, for a balance allegedly due on a credit card. The complaint states that Midland is the current holder of the account, but does not state the basis for this assertion. The complaint was served on Ms. Gomes on April 1, 2011. See, Exhibit D, Gomes Complaint.

28.    The complaint failed to include a statement under oath as required by M.G.L. c. 231 § 13B by a person with knowledge setting forth the manner in which the amount of damages was calculated.

29.    Midland's was unlicensed as a debt collector at the time it filed its complaint, and remains unlicensed.

### Facts Relating To Plaintiff Diane Hurlebaus

30.    Midland, as assignee for a debt alleged originally owed to HSBC Bank, filed two identical small claims cases against Diane Hurlebaus, Midland Funding LLC v. Diane Hurlebaus, No. 201007SC000377 and No. 201007SC000333, in the Dorchester District Court on March 30, 2010, both seeking the amount of $1,056.75, and both based

on the same partial account number.  See, Exhibit E, Hurlebaus Complaint No.
201007SC000333.

31.     Ms. Hurlebaus had a flood in her home and as a result lost her original
summons and missed her court date. A default judgment was entered against her in Case
No. 201007SC000333. On June 23, 2010, Ms. Hurlebaus filed a motion to vacate the
default, which was granted at a hearing on July 8, 2010.  At the hearing Ms. Hurlebaus
asked Midland's attorney for verification of the alleged debt. None was or has been
provided. The second case, No. 201007SC000377, was dismissed.

32.     Midland's claim against Ms. Hurlebaus is now set for a status hearing on
June 9, 2011.

33.     On or about February 9, 2011, Ms. Hurlebaus received a letter from the
Law Offices of Howard Lee Schiff, P.C. stating that it was now handling the alleged debt
to Midland Funding that was previously handled by the Daniels Law Office (Midland's
former attorney in the small claims cases), and demanding payment of $11,034.67, even
though the case is currently set for trial, and even though the amount sought in the case is
only $1,056.75, less than one tenth of the amount demanded by Midland in the pending
Complaint.

34.     At the time Midland filed its complaint against Ms. Hurlebaus, and at all
times since then, Midland has been unlicensed as a debt collector.

### Facts Relating To Plaintiff Robert Wallis

35.     On or after March 24, 2010, Robert Wallis was served with a complaint in
Midland Funding, LLC, Assignee of Citibank/Platinum Select v. Robert Wallis, Case No.
1022CV129, filed in Newburyport District Court. See, Exhibit F, Wallis Complaint.

36.     The complaint alleged that Midland was the owner of a debt originally owed to Citibank in the amount of $8,505.67. *Id.* The complaint failed to include a statement under oath as required by M.G.L. c. 231 § 13B by a person with knowledge setting forth the manner in which the amount of damages was calculated. *Id.*

37.     On April 7, 2010 Mr. Wallis filed an answer denying that he owed the alleged debt.

38.     Shortly thereafter, on April 13, 2010, Midland served discovery on Mr. Wallis, including Requests for Admissions, asking him to admit that he owed the debt.

39.     Over the course of a nine month discovery period, despite numerous requests, Midland was unable to produce a valid assignment of the alleged debt. However, Midland did concede in discovery responses that the debt was charged off by Citibank on April 11, 2007, and was acquired by Midland on November 14, 2008, thus establishing that the debt was in default at the time it was acquired.

40.     On January 28, 2011, in response to Mr. Wallis' motion to dismiss for lack of standing, the case was dismissed without prejudice.

41.     At the time Midland filed its complaint against Mr. Wallis, and at all times since then, Midland has been unlicensed as a debt collector.

### Facts Relating To Plaintiff Lori Liberti

42.     On or after August 22, 2008, Lori Liberti was served with a complaint in Midland Funding, LLC, Assignee of Household Bank v. Lori Liberti, C.A. No 0805CV0629, filed in the East Boston District Court. See, Exhibit G, Liberti Complaint. The complaint alleged that Ms. Liberti was indebted to Household bank in the amount of $2,910.10, for "charges on account."

9

43.     On November 5, 2008, Ms. Liberti filed an answer denying that she owed the debt, and explaining that she was a victim of identity theft.

44.     On January 9, 2009, Midland served discovery on Ms. Liberti, who was *pro se*, including document requests, interrogatories, and requests for admissions. The requests for admissions contained 20 requests, including a request to admit that "you have no defense to this action."

45.     On March 3, 2009, Midland stipulated to a dismissal of the action without prejudice.

46.     At the time Midland filed its complaint against Ms. Liberti, and at all times since then, Midland has been unlicensed as a debt collector.

## Class Allegations

47.     Since at least 2006, Midland has operated without a license or bond, but has nevertheless collected or attempted to collect debts from Massachusetts consumers by filing law suits and obtaining judgments in Massachusetts state courts, as well as enforcing those judgments through executions and through the issuances of capias arrest warrants, all in violation of M.G.L. c. 93 §§ 24-28.

48.     Midland is required to be licensed by M.G.L. c. 93 §§ 24A. Midland is not a "passive debt buyer" as defined by the Banking Commissioner.

49.     Any judgments obtained by Midland in violation of M.G.L. c. 93 §§ 24-28 constitute criminal offenses and are therefore null and void. M.G.L. c. 93 § 28.

50.     Midland has derived and continues to derive substantial revenue from flouting debt collection laws intended to protect Massachusetts consumers from the unfair, deceptive and abusive conduct described in this complaint.

10

51.     Massachusetts consumers have been injured and will continue to be injured by Midland's conduct until this situation is remedied.

52.     On April 6, 2011 Plaintiffs sent a demand pursuant to M.G.L. c. 93A § 9, demanding relief on behalf of themselves and a class of consumers similarly situated. On May 9, 2011 Midland responded but failed to offer any relief.

### Class Definition

53.     Plaintiffs bring this action on behalf of a class of all other persons similarly situated, pursuant to Mass. R. Civ. P. 23.

54.     The Class consists of Massachusetts residents against whom Midland has filed a complaint in any Massachusetts state court in the four year period prior to the filing of this Complaint in an attempt to collect a debt incurred for personal, family, or household purposes.

### Class Issues

55.     There are questions of law and fact common to the class, which common issues predominate over any issues peculiar to individual class members. The principal common questions include:

a.      whether Midland's attempts to collect debts in Massachusetts while unlicensed violate Massachusetts debt collection statutes and regulations;

b.      whether Midland's actions constitute violations of M.G.L. c. 93A;

c.      whether Midland's actions are unfair and deceptive in violation of c. 93A;

d.      the appropriate amount of damages and other relief to be granted to Plaintiffs and class members;

e.      whether the judgments obtained by Midland in violation of Massachusetts law are void; and

11

   f.  whether Midland should be ordered to vacate all judgments entered
in its favor in the four years prior to the filing of this Counterclaim,
disgorge any amounts collected, and dismiss any pending actions.

 56. The only individual questions concern the identification of class members
and the computation of relief to be afforded each class member and can be determined by
a ministerial examination of the relevant files.  Notice can be provided to the class by
various means of communication.

 57. Plaintiffs' claims are typical of the claims of class members.  All are based
on the same legal and remedial theories.

 58. Plaintiffs will fairly and adequately protect the interests of all class
members in the prosecution of this action and in the administration of all matters relating
to claims stated herein. They are similarly situated with, and have suffered similar
injuries as, the members of the class they seek to represent. Plaintiffs have retained
counsel experienced in handling class action suits involving unfair business practices and
consumer law.  Neither the named Plaintiffs nor their counsel have any interest that might
cause them not to vigorously pursue this action.

 59. A class action is superior to other available methods for the fair and
efficient adjudication of this controversy, in that:

   a.  the losses suffered by the class members are such that prosecution
of individual actions is impractical or economically unfeasible;

   b.  by contrast, the illegal profits obtained by Midland as a result of its
unlawful practices are substantial;

   c.  the form of proof required is such that prosecution of individual
actions is impractical or economically infeasible;

    d.     in the absence of the class action device, plaintiffs and class members would be left without a remedy for the wrongful acts alleged, and Midland would be unjustly enriched;

    e.     the prosecution of separate lawsuits by individual members of the class would create the risk of inconsistent adjudications with respect to individual class members, which would establish incompatible standards of conduct for Midland, making concentration of the litigation concerning this matter in this Court desirable;

    f.     the claims of the representative Plaintiffs are typical of the claims of the class; and

    g.     no unusual difficulties are likely to be encountered in the management of this action as a class action.

60.    The class is so numerous as to make it impracticable to join all members of the class as plaintiffs. Based upon the investigation of counsel, more than one hundred persons are in the class.

### Count One:  Declaratory Judgment

61.    Midland's abusive debt collection practices have caused Plaintiffs and class members harm.

62.    There is an existing controversy between Plaintiffs and the class on the one hand, relating to their rights as a consumer-debtors, and the propriety of Midland's debt collection practices, on the other.

63.    At all times relevant to this action, Midland was required to be licensed by the Division of Banks as a debt collector.  At all times relevant to this action, Midland was not so licensed.

64.    Every action filed by Midland in Massachusetts courts to collect a consumer debt was prohibited by law, a criminal act, a fraud on the courts of

Massachusetts, and a fraud on each of the thousands of consumers sued by Midland in Massachusetts.

65.   Plaintiffs ask this court to declare Midland's conduct to be in violation of Massachusetts law, to declare that all judgments obtained by Midland in the four years prior to the filing of this complaint are void, to require Midland to disgorge any amounts obtained from Massachusetts consumers as a result of these actions, and that all pending cases be dismissed.

### Count Two: Preliminary And Permanent Injunction

66.   Midland's practices, including, without limitation, unlawfully attempting to collect debts without a license and in derogation of Massachusetts law, have injured Plaintiffs and class members.

67.   Absent injunctive relief, Midland may continue to violate the law and injure other Massachusetts consumers whose debts it is attempting to collect.

68.   Plaintiffs ask this court to enjoin Midland from attempting to collect debts in Massachusetts without a license or bond, and from attempting to collect debts in Massachusetts in violation of Massachusetts law.

### Count Three: Violation of Chapter 93A

69.   By the conduct complained of, Midland engaged in unfair and deceptive acts and practices, in violation of M.G.L. c. 93A. As a result thereof, Plaintiffs and members of the class have been damaged in an amount to be determined at trial.

70.   Midland's unfair and deceptive debt collection practices include, without limitation: attempting to collect debts while unlicensed and unbonded, in violation of M.G.L. c. 93 §§ 24-28, 49, and c. 93A; and the use of false, deceptive, or misleading

14

representations or means in connection with the collection of any debt, including

threatening to take an action that cannot legally be taken.  209 C.M.R. 18.16(5).

71.    The above-enumerated acts and practices constitute *per se* violations of

M.G.L. c. 93A § 2 and are unfair and deceptive in violation of M.G.L. c. 93A § 2.

72.    Midland performed the actions described herein willfully and knowingly

within the meaning of M.G.L. c. 93A § 9.

## Relief Requested

**WHEREFORE**, Plaintiffs respectfully request that this honorable Court:

a.   declare that the abusive collection practices set forth above violate the law;

b.   enjoin Midland from violating the law in collecting debts from Massachusetts consumers;

c.   declare that all judgments obtained by Midland are void, require Midland to disgorge any amounts collected pursuant to actions filed in Massachusetts courts, and void any attachments, garnishments, liens, or other forms of execution issued pursuant to such judgments;

d.   order Midland to dismiss with prejudice any pending Massachusetts consumer collection actions, and notice the defendants in any such actions as to the dismissal;

e.   award statutory and/or actual damages pursuant to M.G.L. c. 93A, as well as multiple damages and attorneys fees;

f.   grant such other relief as this Court deems equitable and proper.

## Jury Demand

Plaintiffs demand a trial by jury.

Respectfully submitted,

Elizabeth Ryan, BBO #549632
John Roddy, BBO #424240

15

I HEREBY ATTEST AND CERTIFY ON
July 8, 2011   THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

By: _____
    Asst. Clerk

Date:  May 13, 2011

Roddy Klein & Ryan
727 Atlantic Avenue, 2d Floor
Boston, MA 02111
Telephone: (617) 357-5500, ext. 17
Fax: (617) 357-5030

Josef Culik (BBO # 672665)
Culik Law P.C.
100 Cummings Center, Suite 425G
Beverly, MA 01915
Telephone 978-910-0248
josef@culiklaw.com

16

EX. A

# Consumer Affairs and Business Regulation

Home > Business > Banking Industry Services > Industry Letters >

**Industry Letter Concerning the Massachusetts Debt Collection Statutes, and its Applicability to Debt Buyers, So Called**



By the Division of Banks

June 16, 2006

**RELATED LINKS**

Division of Banks

## TO ALL INTERESTED PARTIES CONCERNING THE MASSACHUSETTS DEBT COLLECTION STATUTES, GENERAL LAWS CHAPTER 93 SECTIONS 24 TO 28 INCLUSIVE AND ITS APPLICABILITY TO DEBT BUYERS, SO CALLED.

The Division of Banks ("Division") has issued this industry letter to clarify its position on whether a person collecting subsequently acquired or assigned debt is required to be licensed as a debt collector. Such a person is often referred to as a 'debt buyer'. The question is raised due to substantial revisions to General Laws chapter 93 sections 24 to 28, inclusive (the "Debt Collection Law"). After the statutory changes the Division completely rewrote the Debt Collection Law's implementing regulations, 209 CMR 18.00 et seq. (the "Regulations"). The amendments to the Debt Collection Law were based upon a Legislative recommendation filed by the Division.

The amended Debt Collection Law was modeled after the federal Fair Debt Collection Practices Act ("FDCPA"). The Federal Trade Commission is the federal agency charged with enforcement of the FDCPA. The definitions of "debt" and "debt collector" are in all significant respects the same in each of the respective cited laws and are key to the question presented. The Regulations provide no additional guidance as they track the statutory definitions. The Division also reviewed the treatment of this issue under the FDCPA to determine if any additional clarification could be obtained.

Specifically, the question at issue pertains to a person purchasing debt from another which is in default at the time of purchase or acquisition. Under the prior law, the Division's well established position reflected in enforcement as well as opinions was that licensing was not required for a person who collected its own debt whether or not such debt was in default at the time of purchase or acquisition. Accordingly, such a person did not need to obtain a debt collection license from the Division. However, the owner of debt collecting in its own name was required to comply with the appropriate regulations of the Commonwealth's Attorney General.

As noted above, certain definitions in statute are significant to the determination of the issue. Section 24 of the Debt Collection Law defines "debt" as:

> "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not the obligation has been reduced to judgment."

Additionally, section 24 of the Debt Collection Law provides, in pertinent part, that a "debt collector" means

> "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of a debt, or who regularly collects or attempts to collect, directly or indirectly, a debt owed or due or asserted to be owed or due another..."

A number of exemptions to the definition of "debt collector" exist. The exemption set out in clause (f) sub-clause (iii) provides that the term "debt collector" does not include a person collecting or attempting to collect a debt owed or due or asserted to be owed or due another to the extent the activity "concerns a debt which was not in default at the time it was obtained by the person." The corollary to the quoted language would mean that a person would be deemed a "debt collector" and licensing would be required if the person was collecting a debt which was purchased while in default.

Federal courts have concluded that a person purchasing a debt after default and whose principal activity was the collection of debt was a debt collector within the purview of the FDCPA. See, for example, Kimber v. Federal Financial Corp., 668 F. Supp. 1480 which concluded that the defendant corporation, even though it was collecting debts for itself, was a debt collector within the meaning of the FDCPA "because the corporation regularly collects debts and debt collection is its principal purpose, and because the debts the corporation collects were already in default when they were assigned to the corporation and thus the corporation falls within the assignee exception to the

definition of creditor." See also In Little v. World Financial Network, Inc. Civil Action No. N-89-346 (D. Conn. July 15, 1990).

Similarly, federal courts analyzing the FDCPA have also dismissed arguments that collections must be for "another" or that a debt buyer is included within the definition of a "creditor" and therefore as a "creditor" would not be covered by the FDCPA. As noted in the Kimber case discussed above, a creditor does not include a person who received an assignment or transfer of a debt in default. The Division for the reasons stated above will follow these federal case precedents.

In summary, the Commonwealth's Debt Collection Law models the FDCPA. Federal courts have ruled that a 'debt buyer' is subject to the FDCPA. The Federal Trade Commission has successfully taken action against 'debt buyers' through its enforcement authority under the FDCPA. Based upon the use of the same language in the Commonwealth's Debt Collection Law and the FDCPA, it is the position of the Division that the Division should follow the interpretations of the FDCPA decided by federal courts and implemented as well as enforced by the Federal Trade Commission. Accordingly, a 'debt buyer' who otherwise meets the definition of a "debt collector", would be subject to the Commonwealth's Debt Collection Law and would now be required to obtain a license from the Division in order to collect debt from a consumer in Massachusetts arising out of a transaction primarily involving personal, family or household purposes.

The Division's application for a debt collector license and all related documents can be found on the Division's website at www.mass.gov/doh/ under Industry Services.

Sincerely,

Joseph A. Leonard, Jr.
Deputy Commissioner of Banks
and General Counsel

---

© 2011 Commonwealth of Massachusetts



EX. B

*The Commonwealth of Massachusetts*

*Office of the Commissioner of Banks*
*One South Station*
*Boston, Massachusetts 02110*



**MITT ROMNEY**
GOVERNOR

**KERRY HEALEY**
LIEUTENANT GOVERNOR

**STEVEN L. ANTONAKES**
COMMISSIONER OF BANKS

**JANICE S. TATARKA**
DIRECTOR
OFFICE OF CONSUMER AFFAIRS AND
BUSINESS REGULATION

October 13, 2006

The Division is issuing the following opinion pertaining to the licensing of debt buyers as debt collectors in the Commonwealth in response to several recent inquiries.

The Division licenses and examines entities engaged in the collection of debts in the Commonwealth. It is the Division's position that entities purchasing debt in default at the time of purchase, commonly referred to as "debt buyers", must be licensed as debt collectors. This position is set forth in an Industry Letter issued by the Division dated June 16, 2006. Accordingly, debt buyers, as referred to in the June 16, 2006 Industry Letter, are subject to the Commonwealth's debt collection laws, General Laws chapter 93, sections 24-28, inclusive and the Division's regulation, 209 CMR 18.00 *et seq* (collectively the "Debt Collection Law").

Following the issuance of the June 16, 2006 Industry Letter, the Division received several inquiries as to whether a debt buyer that engages only in the practice of purchasing delinquent consumer debts for investment purposes without undertaking any activities to directly collect on the debt would be considered a debt collector under the Debt Collection Law. This type of debt buyer is typically referred to as a "passive" investor or "passive" debt buyer. It is a common practice for the passive debt buyer to retain a licensed debt collector to directly engage in the collection of its purchased debts.

The Division seeks to ensure that collection activities involving Massachusetts consumers are conducted in accordance with the Debt Collection Law and remain subject to appropriate regulatory oversight. It is the position of the Division that a debt buyer who purchases debt in default but is not directly engaged in the collection of these purchased debts is not required to obtain a debt collector license <u>provided</u> that all collection activity performed on behalf of such debt buyer is done by a properly licensed debt collector in the Commonwealth or an attorney-at-law licensed to practice law in the Commonwealth. *See* Opinion O06059.

This opinion is effective as of October 2, 2006.

The conclusions reached in this letter are based solely on the facts presented. Fact patterns which vary from that presented may result in a different position statement by the Division.

Sincerely,

*Joseph C. Leonard Jr.*

Joseph A. Leonard, Jr.
Deputy Commissioner of Banks
And General Counsel

O06060

P:\Legal\2006\O06060.doc
TEL (617) 956-1500   ▪   FAX (617) 956-1599   ▪   TDD (617) 956-1577   ▪   www.mass.gov/dob

*EX. C*



## COMMISSIONER OF FINANCIAL REGULATION
# ADVISORY NOTICE 05-10



### THE MARYLAND STATE COLLECTION AGENCY LICENSING BOARD ADVISORY

#### Purchasers of Consumer Claims in Default
#### May 5, 2010

This Advisory addresses the licensing requirements relating to persons who acquire consumer claims[1] which are in default at the time of acquisition ("Consumer Debt Purchasers") and collect debt through civil litigation.

### Background Information

It has come to the attention of the State Collection Agency Licensing Board ("Board") that certain Consumer Debt Purchasers allege confusion about whether they are required to be licensed as collection agencies when they collect consumer claims through civil litigation. In particular, certain Consumer Debt Purchasers claim that they relied on a June 20, 2007 letter issued by the Board's Administrator in concluding that it is not necessary to be licensed as a collection agency in order to collect in civil litigation a consumer claim purchased in default, provided the case is handled by an attorney duly licensed as a Maryland collection agency.

### Licensing Required

The Board wishes to clarify that it has been its consistent position that a Consumer Debt Purchaser that collects consumer claims through civil litigation is a "collection agency" under Maryland law and required to be licensed as such, regardless of whether an attorney representing the Consumer Debt Purchaser in the litigation is a licensed collection agency. Annotated Code of Maryland, Business Regulation Article ("BR") § 7-101(c).

### Compliance with Licensing Requirements

Notwithstanding the Board's foregoing position on the need for licensing, the Board acknowledges the claims of confusion on this issue resulting from the June 20, 2007 letter by some Consumer Debt Purchasers in deciding not to become licensed.

---

[1] A "consumer claim" means a claim that "(1) is for money owed or said to be owed by a resident of [Maryland]; and (2) arises from a transaction in which, for a family, household, or personal purpose, the resident sought or got credit, money, personal property, real property, or services." Annotated Code of Maryland, Business Regulation Article § 7-101(e).

The Board further acknowledges the desire of these Consumer Debt Purchasers to promptly obtain collection agency licenses so that they may be in compliance with the law.  To facilitate the prompt licensing of these Consumer Debt Purchasers, the Board states the following policy:

　　　　1.　　The Board will not deem it a bar to licensure where, prior to September 1, 2010, an unlicensed Consumer Debt Purchaser has engaged in civil litigation to collect a consumer claim purchased while in default, provided (i) the Consumer Debt Purchaser was represented in any action by an attorney who is duly licensed as a Maryland collection agency, and (ii) the Consumer Debt Purchaser applies for a license on or before August 31, 2010.

　　　　2.　　The Board will not bring an action against a Consumer Debt Purchaser solely for failing to be licensed while engaging as a plaintiff in civil litigation, provided the Consumer Debt Purchaser applies for a license on or before August 31, 2010.  For a Consumer Debt Purchaser that applies for a collection agency license on or before August 31, 2010, this policy will be in effect until such time as the Board makes a decision on the license application or it is withdrawn by the applicant.

　　　　3.　　The Board reserves its right to bring an action against a Consumer Debt Purchaser for other violations of law committed in connection with collection activities, regardless of whether the person was licensed at the time of the violation.

PENALTIES: Consumer Debt Purchasers that fail to become licensed as set forth above may be subject to prosecution and sanctions under BR § 7-401.

*EX. D*

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK

DORCHESTER DISTRICT COURT

DOCKET NO:

*2011 07 CV 0 240*

MIDLAND FUNDING LLC ASSIGNEE FROM HSBC
                    PLAINTIFF(S)

V.

CATARINA D GOMES
                    DEFENDANT(S)

### COMPLAINT

1.      The Plaintiff, MIDLAND FUNDING LLC  ASSIGNEE FROM HSBC, is a duly organized corporation with its usual place of business at 6851 JERICHO TURNPIKE,  SYOSSET NY.

2.      The Defendant(s), CATARINA D GOMES is (are) an individual (s) presently residing at 20 LEEDSVILLE ST # 1 DORCHESTER MA 02122-2905.

3.      The Defendant (s) owe (s) the Plaintiff the sum of $2,041.32 for the balance due on a CREDIT CARD, referenced as Account Number of 5480420032850800. Plaintiff is the current holder of said account.

        WHEREFORE, the Plaintiff demands judgment against the Defendant (s) in the sum of $2,041.32 plus interest from the date of filing and costs.

Plaintiff, by its attorney,

R. Mark Seitsinger, Esquire
BBO 545635
Kream and Kream
536 Broad Street, Suite 5
P.O. Box 890117
East Weymouth, MA 02189-0002
(781) 331-9333

DATE:        February 15, 2011

EX. E

| STATEMENT OF SMALL CLAIM AND NOTICE OF TRIAL | For Court Use Only. | DOCKET NO. 1007SC 0333 | Trial Court of Massachusetts Small Claims Session |

| PART 1 | ☐ BOSTON MUNICIPAL COURT | XX ☒ DISTRICT COURT DORCHESTER _____ Division | ☐ HOUSING COURT _____ Division |

**PART 2**

PLAINTIFF'S NAME, ADDRESS, ZIP CODE AND PHONE

MIDLAND FUNDING LLC

8875 AERO DRIVE

SAN DIEGO          CA  92123

PHONE NO: 617-237-1300

PLAINTIFF'S ATTORNEY (if any)

Name: RICHARD S. DANIELS, JR.

Address: 1250 HANCOCK ST. 600N

QUINCY MA 02169-4339
BBO #113680

PHONE NO: 617-237-1300      5505-6469

**PART 3**

DEFENDANT'S NAME, ADDRESS, ZIP CODE AND PHONE

DIANE HURLEBAUS

115 MINOT ST FL 1

DORCHESTER          MA  02122

PHONE NO:  617-288-5586

ADDITIONAL DEFENDANT (if any)

Name: _____

Address: ~~53650000003/30/105M CLAIM    70.00~~
~~53650000003/30/105UR           10.00~~

PHONE NO:

**PART 4**

PLAINTIFF'S CLAIM. The defendant owes $1056.75 plus $40.00 court costs for the following reasons: Give the date of the event that is the basis of your claim.

THE PLAINTIFF MIDLAND FUNDING LLC IS THE ASSIGNEE OF

HSBC BANK NEVADA, N.A.

THE DEFENDANT OWES THE PLAINTIFF THE ABOVE AMOUNT AS THE BALANCE DUE

OF PURCHASES AND/OR ADVANCES ON A CREDIT CARD ACCOUNT

AS OF 01/25/2010, DATE DEMAND FOR PAYMENT WAS DULY MADE.

THE ACCOUNT NUMBER IS XXXXXXXXXXXX0002.

THE LAST PAYMENT DATE WAS 11/17/2006 IN THE AMOUNT OF 140.00.

SIGNATURE OF PLAINTIFF  X _____          DATE  3/26/2010

*(stamp:)* TRIAL COURT COMMONWEALTH DORCHESTER DIVISION — FILED MAR 30 AM 9: 21

**PART 5**

MEDIATION: Mediation of this claim may be available prior to trial if both parties agree to discuss the matter with a mediator, who will assist the parties in trying to resolve the dispute on mutually agreed to terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date.
☐ The plaintiff is willing to attempt to settle this claim through court mediation.

**PART 6**

MILITARY AFFIDAVIT: The plaintiff states under the pains and penalties of perjury that the:

XX ☒ above defendant(s) is (are) not serving in the military and at present live(s) or work(s) at the above address.

☐ above defendant(s) is (are) serving in the military

X _____
SIGNATURE OF PLAINTIFF          3/26/2010
DATE

**NOTICE OF TRIAL**

NOTICE TO DEFENDANT:
   You are being sued in Small Claims Court by the above named plaintiff. You are directed to appear for trial of this claim on the date and time noted to the right.

   If you wish to settle this claim before the trial date, you should contact the plaintiff or the plaintiff's attorney.

SEE ADDITIONAL INSTRUCTIONS ON THE BACK OF THIS FORM.

FIRST JUSTICE _____     CLERK-MAGISTRATE OR DESIGNEE  PB

NAME AND ADDRESS OF COURT
Small Claims Dept.
Clerk-Magistrate's Office
Dorchester District Court
510 Washington Street
Dorchester, MA 02124

DATE AND TIME OF TRIAL
5-13-2010 AT 11:00 A.M.
DATE          TIME
ROOM NO _____

BOTH THE PLAINTIFF AND THE DEFENDANT MUST APPEAR AT THIS COURT ON THE DATE AND TIME SPECIFIED

A  COURT USE ONLY  A

COURT COPY

INSTRUCTIONS FOR FILING A SMALL CLAIM — You must complete Parts 1-6 of this form. See instructions on reverse.
ATENCION: ESTE ES UN AVISO OFICIAL DE LA CORTE. SI USTED NO SABE LEER INGLÉS, OBTENGA UNA TRADUCCIÓN.

EX. F

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH
DISTRICT COURT DEPARTMENT NEWBURYPORT DIVISION
DOCKET NO.

* * * * * * * * * * * * * * * * * * * *
Midland Funding LLC                     *
Assignee of                            *
Citibank/Platinum Select               *
            Plaintiff                  *
                                       *      COMPLAINT
           vs.                         *
                                       *
Robert Wallis                          *
            Defendant                  *
* * * * * * * * * * * * * * * * * * * *

1.  The plaintiff Midland Funding LLC is the owner of the debt
    originally issued by Citibank/Platinum Select, account number
    5424180622103684, and has an usual place of business in San Diego,
    CA;

2.  The defendant Robert Wallis resides at 294 Wethersfield St,
    Rowley, MA;

3.  The defendant(s) owe(s) the plaintiff the sum of $8,505.67 as the
    balance of purchases and/or advances on a credit card account
    together with interest at the rate specified under G.L. c. 231,
    s. 6C from 2/02/2009, on or before which date demand for payment
    was duly made.

WHEREFORE, The plaintiff demands judgment against the defendant(s) in
the amount of $8,505.67 together with costs and interest.

                              Respectfully submitted,
                              Midland Funding LLC
                              By its Attorney,

                              Richard S. Daniels, Jr., BBO 113680
                              DANIELS LAW OFFICES, P.C.
                              1250 Hancock Street
                              Quincy, Massachusetts 02169-4339
                              Tel. (617) 237-1300
5505-2212                     March 3, 2010

| Statement of Damages G.L. c. 218, s. 19A(a) | DATE FILED | DOCKET NUMBER | Trial Court of Massachusetts District Court Department |
|---|---|---|---|

**PLAINTIFF(S)**
Midland Funding LLC

**DEFENDANT(S)**
Robert Wallis

**INSTRUCTIONS: This form must be completed and filed with the complaint or other initial pleading in all district court civil actions seeking money damages.**

District Court Department
Newburyport Division

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: | |
| 2. Total doctor expenses: | |
| 3. Total chiropractic expenses: | |
| 4. Total physical therapy expenses: | |
| 5. Total other expenses (Describe): | |
| SUBTOTAL: | |
| B. Documented lost wages and compensation to date: | |
| C. Documented property damages to date: | |
| D. Reasonable anticipated future medical and hospital expenses: | |
| E. Reasonably anticipated lost wages: | |
| F. Other documented items of damage (Describe): | |
| G. Brief description of Plaintiff's Injury, including nature and extent of injury (Describe): | |
| For this form disregard double/treble damage claims; indicate single damages only. | TOTAL: |

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): | |
| Balance due on a credit card agreement. | |
| For this form disregard double/treble damage claims; indicate single damages only. | TOTAL:   8,505.67 |

**Attorney for Plaintiff (or Pro Se Plaintiff):**

3/03/2010

Richard S. Daniels, Jr. BBO No. 113680
Daniels Law Offices, P.C.
1250 Hancock Street, Quincy, MA 02169  (617) 237-1300

**Defendant Name and Address:**
Robert Wallis
294 Wethersfield St
Rowley, MA  01969

EX. G

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK , ss.

COURT DEPARTMENT
EAST BOSTON DIVISION
CIVIL ACTION NO. *0805CV0629*

---

MIDLAND FUNDING, LLC
Plaintiff
  assignee of HOUSEHOLD BANK
vs.

LORI A LIBERTI
Defendant

COMPLAINT

---

1  The Plaintiff,
   MIDLAND FUNDING, LLC
   is a limited liability company duly organized under the laws
   of the state of DELAWARE having a usual place of business
   at 8875 AERO DRIVE SUITE 200 SAN DIEGO
   CA 92123

2. The Defendant, LORI A LIBERTI
   is an individual of legal age presently residing at
   19 S AVE  WINTHROP
   SUFFOLK County, Massachusetts 02152

3. On or before DECEMBER 31,2004 the Defendant became indebted
   to HOUSEHOLD BANK in the sum of $2,910.91 for
   charges and/or cash advances incurred on Defendant's
   credit account according to the affidavit annexed
   hereto together with interest thereon.

4. Despite demand on or before 07/07/08 the balance of
   $2,910.91 remains wholly unpaid and the Defendant has
   failed and continues to fail to make payment.

WHEREFORE, the Plaintiff demands judgment under this count for $2,910.91 together with interest and costs.

PLAINTIFF,

By _____

Stephen Wiener, Atty 656119
Gina Paro, Atty 662556
LAW OFFICES HOWARD LEE SCHIFF, PC
340 Main St., Suite 959
Worcester, MA 01608-1603
(508) 753-9991
Its Attorneys

Dated: August 22, 2008

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A (a) | DATE FILED *(to be added by Clerk)* | DOCKET NO. *(to be added by Clerk)* | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|---|

| PLAINTIFF(S)<br>MIDLAND FUNDING, LLC | DEFENDANT(S)<br>LORI A LIBERTI |
|---|---|

| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES. | EAST BOSTON _____ DISTRICT COURT |
|---|---|

| TORT CLAIMS | AMOUNT |
|---|---|
| A.  Documented medical expenses to date: | |
| 1. Total hospital expenses: ............................................... | $ _____ |
| 2. Total doctor expenses: ............................................... | $ _____ |
| 3. Total chiropractic expenses: ............................................ | $ _____ |
| 4. Total physical therapy expenses: ...................................... | $ _____ |
| 5. Total other expenses *(Describe):* _____ | |
| _____ | |
| SUBTOTAL: | $ _____ |
| B.  Documented lost wages and compensation to date:  .................. | $ _____ |
| C.  Documented property damages to date:  ............................... | $ _____ |
| D.  Reasonably anticipated future medical and hospital expenses:  ......... | $ _____ |
| E.  Reasonably anticipated lost wages: ................................... | $ _____ |
| F.  Other documented items of damage *(Describe):* _____ | |
| _____ | |
| G.  Brief description of Plaintiff's injury, including nature and extent of injury *(Describe):* | |
| _____ | |
| _____ | |
| _____ | |
| TOTAL: | $ |

For this form, disregard double or treble damage claims; indicate single damages only.

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| FOR CHARGES ON ACCOUNT PLUS | $2,910.91 |
| Provide a detailed description of claim(s):<br>INTEREST AT 12.000 % FROM 12/31/04 | $ _____ |
| | $ _____ |
| _____ | |
| TOTAL: | $   $2,910.91 |

For this form, disregard double or treble damage claims; indicate single damages only.

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF): | DEFENDANT'S NAME AND ADDRESS: |
|---|---|
| *[signature]*          August 22, 2008 | LORI A LIBERTI |
| Signature                          Date | |
| Stephen Wiener, Atty 656119 | 19 S AVE |
| ~~Gina Paro, Atty 662556~~          B.B.O.# | |
| Print or Type Name | WINTHROP MA 02152 |
| 340 Main St #959 WORCESTER MA 01608 | |
| Address          R36748 | |

33

4/02

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK , ss.                      EAST BOSTON DISTRICT COURT
                                   DOC#


MIDLAND FUNDING, LLC
          Plaintiff

Vs.

LORI A LIBERTI
          Defendant

STATEMENT MADE PURSUANT TO M.G.L. CH. 231 SEC. 13B


    The damages claimed in the attached Complaint are
ascertainable by calculation. The damages may be calculated
by reviewing the records of the Plaintiff.

    Signed under the pains and penalties or perjury.


Date: August 22, 2008

                              _____
                              Harry Theodoss  (BBO# 630380)
                              Stephen Wiener  (BBO# 656119)
                              Adam Olshan  (BBO# 639576)
                              Gina Paro  (BBO# 662556)

                              Law Offices Howard Lee Schiff, PC
                              340 Main Street, Suite 959
                              Worcester, MA. 01608
                              (508) 753-9991


    CN R36748

              THIS COMMUNICATION IS FROM A DEBT COLLECTOR
    IQ

# Commonwealth of Massachusetts



2011 MAY 26  PM 12: 26

CLERK/MAGISTRATE

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. SUCV2011-01469-H

Catarina Gomes, et al., on behalf of
themselves and others similarly situated , Plaintiff(s)

v.

Midland Funding, LLC , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Elizabeth Ryan of
Roddy Klein & Ryan

plaintiff's attorney, whose address is 727 Atlantic Ave 2d Fl Boston, MA 02111 , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the ___thirteenth___ day of
___April___ , in the year of our Lord two thousand ___eleven___ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER
FORM CIV.P. 1 3rd Rev. 10M - 11/10

I HEREBY ATTEST AND CERTIFY ON
July 8, 2011 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk

*Notify*

.5

6-6
6-6

CATARINA GOMES, DIANE
HURLEBAUS, LORI LIBERTI AND
ROBERT WALLIS, on behalf of
themselves and others similarly situated,

    Plaintiffs,

v.

MIDLAND FUNDING, LLC

    Defendant.

Case No. SUCV2011-01469-H

Notice sent
6/06/2011
J. C.
C. LAW ,P.C.
E. A. R.
R. K. & R.
J. J. R.
      (sc)

**PLAINTIFFS' UNOPPOSED MOTION TO TRANSFER PUTATIVE CLASS ACTION TO THE BUSINESS LITIGATION SESSION**

    Pursuant to Superior Court Administrative Directive No. 09-1 and Superior Court Rule 9A, Plaintiffs Catarina Gomes, Diane Hurlebaus, Lori Liberti and Robert Wallis ("Plaintiffs") move to transfer this case from the Time Standards Session of the Suffolk Superior Court to the Business Litigation Session of the Suffolk Superior Court ("BLS"). Midland Funding, LLC does not oppose this motion.

    In support of their request, Plaintiffs refer the Court to the attached Memorandum of Points and Authorities.

    WHEREFORE, Plaintiffs request that the Court approve this motion and bring it to the attention of the BLS Administrative Justice.

                    Respectfully submitted,

                    Elizabeth Ryan, BBO #549632
                    John Roddy, BBO #424240
                    Roddy Klein & Ryan
                    727 Atlantic Avenue, 2d Floor
                    Boston, MA 02111
                    Telephone: (617) 357-5500, ext. 17
                    Fax: (617) 357-5030

*Allowed. Notif. D. 6/6/11*

I HEREBY ATTEST AND CERTIFY ON
July 8, 2011 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

Asst. Clerk

ryan@roddykleinryan.com
roddy@roddykleinryan.com

Josef Culik (BBO # 672665)
Culik Law P.C.
100 Cummings Center, Suite 425G
Beverly, MA 01915
Telephone 978-910-0248
josef@culiklaw.com

Date: June 1, 2011

*Notify*

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

6

### CIVIL DOCKET#: **SUCV2011-01469BLS2**

Gomes et al
vs.
Midland Funding LLC

### NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

On  06/6/2011, Judge Nancy Holtz allowed a Motion to Transfer this case to the Business Litigation Session. After review, this case been accepted and will be assigned to **BLS2**.  Counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Pilot Project on Discovery (counsel are directed to http://www.mass.gov/courts/courts and judges/superiorcourt/index.html for description of the Project).  Counsel may indicate their respective client's participation by completing, filing and serving the attached form.

Dated: 06/10/2011

*Judith Fabricant*
Judith Fabricant

Notice Sent
06.10.11
EAR
JJR
RkHK

JC
CLpc

C/W
A/C
(Md)

I HEREBY ATTEST AND CERTIFY ON
July 8, 2011  THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE.
AND IN MY LEGAL CUSTODY

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:
Asst. Clerk

cvdblsacceptother.wpd 3945975 motallow sullsall

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CIVIL DOCKET#: **SUCV2011-01469BLS2**

RE:     Gomes et al v Midland Funding LLC

     As you may know, the Business Litigation Session is implementing a Discovery Pilot Project, beginning in January, 2010. This pilot project is available on a voluntary basis for all new cases accepted into the BLS and for cases which have not previously had an initial case management conference. Counsel should be prepared to discuss the pilot project with the Court at the initial case management conference.  For a detailed copy of the BLS Pilot Project, counsel are directed to the Trial Court home page at:
http://www.mass.gov/courts/courtsandjudges/courts/superiorcourt/index.html)

     If a party is willing to participate in the project, that party's counsel should so indicate below and return this form to the appropriate session clerk.

☐    Yes,_____is willing to participate in the Discovery Pilot Project.
        (Party's Name)

Case Name Gomes et al v Midland Funding LLC

Docket Number CIVIL DOCKET#: **SUCV2011-01469**

Counsel For_____     Date_____

Firm Name and Address
_____
_____
_____

Please sign and return to: Helen Foley, Asst. Clerk  **OR**  Claire Walsh, Asst. Clerk
                         BLS , Rm. 1309                   BLS 2, Rm. 1017
                         Suffolk Superior Court        Suffolk Superior Court
                         3 Pemberton Square        3 Pemberton Square
                         Boston, MA 02108          Boston, MA 02108

7

| CIVIL ACTION COVER SHEET | DOCKET NO(S) **B.L.S.** 11-1469-BLS2 | Trial Court Of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|
| PLAINTIFF(S) Catarina Gomes, Diane Hurlebaus, Lori Liberti and Robert Wallis, on behalf of themselves and others similarly situated | | DEFENDANT(S) Midland Funding, LLC |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number Elizabeth Ryan, BBO # 549632 Roddy Klein & Ryan 727 Atlantic Ave. 2d Fl., Boston, MA 02111 - 617.357.5500 ext. 17 | | ATTORNEY (if known) William T. Bogaert, Kara Thorvaldsen Wilson Elser Moskowitz Edelman & Dicker LLP 260 Franklin Street, Boston, MA 02110 |

Origin Code Original Complaint

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE? *
_____ (B) ( ) Yes ( ) No

| CODE NO. | TYPE OF ACTION | TRACK* | IS THIS A JURY CASE? |
|---|---|---|---|
| BH2 | unfair trade practices | B | Yes |

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

 Because of the number of consumers likely to be class members, and because of the large number of collection actions filed by Midland and put at issue by this case, the case will require substantial case management. In addition, this case fits squarely into at least two of the categories enumerated as qualifiers for BLS treatment, namely:

 h.2 "claims of unfair trade practices involving complex issues"; and

 k.1 "other commercial claims, including . . . consumer matters involving complex issues"

 Plaintiffs have filed their complaint on behalf of Massachusetts residents against whom Midland has filed a complaint in any Massachusetts state court in the four year period prior to the filing of the Complaint in this action, in an attempt to collect a debt incurred for personal, family or household purposes. The complaint includes a provision requesting preliminary and permanent injunction prohibiting Midland from attempting to collect debts in Massachusetts without a license or bond.

 In light of the thousands of actions filed in Massachusetts by Midland over the past four years, which Plaintiffs allege were illegally filed, the Business Litigation Session is an appropriate venue to resolve this complaint and to determine the appropriate relief.

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record
DATE: June 29, 2011

**I HEREBY ATTEST AND CERTIFY ON**
July 8, 2011
**THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.**

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
Asst. Clerk