United States District Court
District of Massachusetts

|   |   |
|---|---|
| CATARINA GOMES, DIANE HURLEBAUS, LORI LIBERTI, ROBERT WALLIS, on behalf of themselves and others similarly situated,<br>      Plaintiffs,<br><br>v.<br><br>MIDLAND FUNDING, LLC,<br>      Defendant. | Civil Action No.<br>11-11053-NMG |

MEMORANDUM & ORDER

GORTON, J.

Catarina Gomes, Diane Hurlebaus, Lori Liberti and Robert Wallis (collectively, "the plaintiffs"), on behalf of themselves and other similarly situated, bring suit against defendant Midland Funding, LLC ("Midland") for allegedly engaging in unfair and deceptive debt collection practices in Massachusetts in violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A ("Chapter 93A") and Massachusetts' licensing law.

Currently before the Court is 1) defendant's motion to dismiss the complaint and 2) plaintiffs' motion to remand the case to state court for lack of subject matter jurisdiction.

I. **Background**

Midland, a California corporation, is a third-party debt collection company. It purchases large electronic portfolios of defaulted consumer debts worth billions of dollars, for which it

pays pennies on the dollar, in order to collect on them by instituting formal legal action.

Plaintiffs allege that Midland typically 1) files bare-boned, boilerplate complaints that do not explain the basis for its damages calculation or its relationship to the alleged debt, 2) obtains judgments against defendants who are almost always under-represented, usually by default and 3) aggressively enforces such judgments in Massachusetts through wage garnishments, property liens and capias arrest warrants.

Despite engaging in such debt enforcement action in Massachusetts since at least 2006, Midland allegedly is not, and has never been, licensed as a debt collector by the Commonwealth. Unlicensed debt collection is prohibited under M.G.L. 93, § 24A and may constitute a violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A ("Chapter 93A").

Plaintiffs initiated their putative class action in Massachusetts Superior Court for Suffolk County on May 20, 2011. In Count I, plaintiffs seek a declaratory judgment that 1) Midland's conduct is unlawful, 2) all collection judgments that Midland has obtained in Massachusetts beginning four years before the filing the complaint are void, 3) Midland must disgorge any amounts obtained from such judgments and 4) all collection actions brought by Midland that are currently pending must be dismissed. In Count II, plaintiffs seek a preliminary and

permanent injunction prohibiting Midland from debt collection in Massachusetts without a license or bond or in an otherwise unlawful manner.

Midland filed a notice of removal with this Court on June 13, 2011 under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), claiming that the amount in controversy exceeds the $5 million threshold. Midland subsequently moved to dismiss the complaint. Shortly thereafter, plaintiffs filed a motion to remand to the state court.

## II. **Plaintiffs' Motion to Remand to State Court**

Plaintiffs claim that Midland's removal was improper insofar as 1) their claims challenge the validity of judgments obtained in state court and involve state law questions and ongoing state court litigation and 2) Midland has not met its burden of showing that the $5 million jurisdictional threshold under CAFA has been met.

The Court proceeds directly to the latter argument which it deems to be dispositive of the motion to remand. A defendant who seeks to remove an action to federal court pursuant to CAFA has the burden of demonstrating that federal jurisdiction exists. Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009). Jurisdiction is established upon a showing that 1) at least one class member is diverse from one defendant, 2) the amount in controversy exceeds $5 million, exclusive of

interest and costs, and 3) the action involves at least 100 class members. 28 U.S.C. § 1332(d).

Establishing that the amount in controversy exceeds the jurisdictional minimum requires a removing party to show a "reasonable probability" that more than $5 million was in controversy at the time of removal. Amoche, 556 F.3d at 50. When considering whether the burden has been met, the Court considers what both parties have shown in light of "which party has better access to the relevant information." Id. at 51. Plaintiff may not rebut an otherwise sufficient showing by "merely labeling [it] 'speculative' without discrediting the facts upon which it rests...." Id. "Any doubts in the evidence should be construed in favor of remand because the court has a responsibility to police the border of federal jurisdiction." Reynolds v. World Courier Ground, Inc., 272 F.R.D. 284, 286 (D. Mass. 2011) (internal quotation omitted); see also Youtsey v. Avibank Mfg., Inc., 734 F. Supp. 2d 230, 233 (D. Mass. 2010).

As evidence of the amount in controversy, Midland offered an affidavit from its Director of Legal Outsourcing. The Director stated that, based on her review of Midland's business records, 1) Midland had filed or prosecuted hundreds of civil actions against over 100 separate individuals residing in Massachusetts in the four years preceding the filing of plaintiffs' complaint and 2) the amount in controversy in this case, "as alleged by the

plaintiffs and based on the forms of relief that they claim", exceeds $5 million.

Plaintiffs contend that Midland has failed to meet its burden because its notice of removal and accompanying affidavit contain no specific or affirmative evidence as to how the amount in controversy was calculated. That deficiency, plaintiffs contend, is especially significant because Midland had ready access to its own business records and thus the information relevant to the amount in controversy.

Midland responds that plaintiffs' criticisms simply amount to a conclusory assertion that the metric offered is incorrect. Midland adds that the burden of establishing the amount in controversy is not an onerous one and did not call for divulgence of the actual number of suits filed or the dollar value of judgments and payments made pursuant to collection lawsuits filed in the four years preceding the instant action.

What Midland fails to acknowledge, however, is that it has offered no method of calculation or metric for the Court to evaluate or for plaintiffs to rebut. With respect to the number of putative class members, it estimates only that there are "over one hundred." With respect to the amount in controversy, it states it has "filed or prosecuted hundreds of civil actions" against Massachusetts residents without estimating how many of those actions resulted in judgments in favor of Midland or the

average dollar amount of any judgments obtained.  Indeed, beyond offering vague information, a recital of plaintiffs' claims and an assurance that the conclusion regarding the amount in controversy was based on a review of Midland's business records, the accuracy of the calculation is left unexplained.

Such evidence falls short of raising a "reasonable probability" that the amount in controversy exceeds $5 million, especially when considering that 1) the value of judgments obtained against the named plaintiffs is, on average, only about $4,000 and 2) Midland was in the best position to provide the information needed to support its conclusion, such as an estimate of the number of judgments it has obtained during the past four years and the average amount of those judgments.  "The fact that defendant declined to offer any such evidence suggests that this evidence may not support jurisdiction."  Reynolds, 272 F.R.D. at 287 (citing Amoche, 556 F.3d at 52); see also Mack v. Wells Fargo Bank, N.A., No. 11-40020, 2011 WL 1344194, at *4 (D. Mass. 2011) (finding absence of reliable evidence to support calculation "especially significant" where defendants were in the best position to have access to the relevant information).

Thus, the Court concludes that the defendants have failed to raise a reasonable likelihood that the amount in controversy exceeds $5 million.  Accordingly, it will allow the plaintiffs' motion to remand and deny the defendant's motion to dismiss as

moot.

### ORDER

In accordance with the foregoing,

1)  Plaintiffs' Motion to Remand to State Court for Lack of Subject Matter Jurisdiction (Docket No. 6) is **ALLOWED**; and

2)  Defendant's Motion to Dismiss (Docket No. 3) is **DENIED** as moot.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 5, 2012